OPINION AND ORDER
 

 PEREZ-GIMENEZ, District Judge.
 

 This ease involves a claim of age discrimination. Plaintiff Figueroa was the President of the co-defendant Mateco, Inc. until he was fired in October 1990. Figueroa was sixty years old at the time. Invoking the Court’s
 
 *107
 
 federal question jurisdiction, Figueroa seeks relief under the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Based on both diversity and supplemental jurisdiction, Figueroa also claims violation of Puerto Rico’s general employment discrimination law, “Law 100,” 29 L.P.R.A § 146, et seq., and seeks damages in tort under § 1802 of the Puerto Rico Civil Code.
 

 Figueroa names as defendants Mateco Acquisitions, Inc., Mateco Inc. (the former’s wholly owned subsidiary), as well as Victor Gonzalez, the Mateco Acquisitions official who fired him. Before the Court is co-defendant Gonzalez’ motion for summary judgment. Gonzalez seeks dismissal of the ADEA and Law 100 claims against him on the grounds that neither law provides for the imposition of individual liability. For the reasons stated herein, the motion is GRANTED.
 

 As this Court has ruled before, individual liability may not be imposed under the ADEA.
 
 Flamand v. American Int’l Group, Inc.,
 
 876 F.Supp. 356, 361-64 (D.P.R. 1994) (ADEA) (Laffitte, J.).
 
 [1]
 
 The only undecided question is whether liability under Law 100 is similarly limited. The Court is not aware of any decision, from either the Puerto Rico Supreme Court or the federal district court, that directly addresses this issue. After due consideration, the Court concludes that Law 100 does not provide for the imposition of individual liability.
 

 The analysis begins with the words of the statute. Law 100 prohibits discrimination by an “employer,” based on the protected characteristic of, among other factors, age. 29 L.P.R.A. § 146. The term “employer” is elsewhere defined as “any natural or artificial person employing laborers, workers or employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or artificial person.” 29 L.P.R.A. § 151(2). Plaintiff argues that he may bring suit directly against Gonzalez because Gonzalez qualifies as an “employer.”
 

 Other considerations suggest, however, that this “plain language” reading of the statute is inaccurate. The above quoted definition of “employer,” it should be noted, has been used by the Puerto Rico legislature in numerous other labor laws.
 
 See, e.y.,
 
 29 L.P.RAl. § 246h (minimum wages); 29 L.P.RAl. § 142 (employees’ rights). Although the Puerto Rico Supreme Court has never addressed the implications of this language for the imposition of personal liability under Law 100, it has in the context of the minimum wage law.
 
 Secretary of Labor v. Ibarra García,
 
 88 P.R.R. 494 (1963). In
 
 Ibarra García,
 
 the Court concluded that the expansive definition of “employer” was intended to ensure that courts would impose
 
 respondeat superior
 
 liability upon employers for the acts of their agents, not upon the agents personally:
 

 [T]the purpose of ... including the chiefs, officials, managers, officers, administrators and others [in the definition of employer] is to make the employer responsible for their conduct____ That is why the actions of the appellant as manager of the partnership business do not give him the status of employer; the partnership is the one responsible for them.
 

 Ibarra García,
 
 88 P.R.R. at 498 (internal citations, quotations and footnote omitted). This reasoning, it is relevant to note, parallels that employed by those federal courts which have concluded that the federal anti-discrimination laws do not impose individual liability.
 
 [2]
 
 Given Law 100’s use of the identi
 
 *108
 
 cal definition of “employer” as the minimum wage law, the Court concludes that Law 100 similarly does not provide for the imposition of individual liability.
 

 Accordingly, the motion (Dkt. #25) is GRANTED. Both the Law 100 and ADEA claims against Gonzalez shall be DISMISSED.
 

 IT IS SO ORDERED.
 

 [1]
 

 . Though numerous circuits have held that the federal anti-discrimination laws preclude individual liability, the First Circuit has never squarely addressed the question.
 
 See U.S. E.E.O.C. v. AIC Security Investigations, Ltd.,
 
 55 F.3d 1276, 1281— 81 (7th Cir.1995) (surveying the cases). The opportunity to do so arose in the recent case of
 
 Scarfo v. Cabletron Systems, Inc.,
 
 54 F.3d 931, 951-52 (1st Cir.1995), but the Court avoided the question on procedural grounds.
 

 [2]
 

 . Like Law 100, the ADEA, Title VII, and the Americans with Disabilities Act (ADA), all forbid discrimination by an "employer,” who is defined as a "person engaged in commerce ... [or] any agent of such a person.” 29 U.S.C. § 623(a), § 630(b) (ADEA); 42 U.S.C. § 2000e, § 2000e(b) (Title VII); 42 U.S.C. §§ 12112(a), 12111(2), 12111(5)(A) (ADA). Paralleling the earlier reasoning of
 
 Ibarra Garcia,
 
 the majority of federal courts interpret this language as imposing
 
 respondeat superior
 
 liability upon employers for the
 
 *108
 
 acts of their agents, not upon the agents personally.
 
 See Flamand supra; AIC Security Investigations,
 
 55 F.3d at 1281 (7th Cir.1995).