Benigno **CONTRERAS BORDALLO** Alba Santaella Bonano, etc., Plaintiffs,

v.

**BANCO BILBAO VIZCAYA DE PUERTO RICO, Juan A. Net Brunet, etc., Defendants.**

**Civil No. 96–1874 (DRD).**

United States District Court, D. Puerto Rico.

Jan. 10, 1997.

Luis E. Pabon–Roca, Hato Rey, PR, for plaintiffs.

Arturo Bauermeister–Baldric, Fiddler, Gonzalez & Rodriguez, San Juan, PR, Carlos G. Martinez–Vivas, Ponce, PR, for Banco Bilbao Vizcaya–Puerto Rico.

Arturo Bauermeister–Baldric, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Juan A. Net–Brunet.

## ORDER

DOMINGUEZ, District Judge.

Pending before the Court is Defendant's Motion to Dismiss the personal liability claim against co-defendant Juan A. Net Brunet (Docket No. 8) and Plaintiff Benigno Contreras Bordallo's Opposition thereto (Docket No. 12).

The issue is the individual liability under Title VII of codefendant Juan A. Net Brunet hereinafter referred to as "Net." Defendants also request the dismissal of Plaintiff's local law claim under Law 100, P.R.Laws Ann.Tit. 29 § 146 et sec.

The issue of individual liability under Title VII has not been decided in the First Circuit or by the Supreme Court of the United States.[1] District Judge Héctor M. Laffitte in the case of *Elba Colón Hernández v. Patrick Wangen*, 938 F.Supp. 1052 (D.P.R.1996) recently performed an exhaustive restatement of circuit court and district court decisions in this district. *Id.* at 1062–1063, n. 6. See also *Anonymous v. Legal Services Corp. of Puerto Rico*, 932 F.Supp. 49 (D.P.R.1996) (Pérez Giménez J.). Although a circuit court has authorized individual liability under Title VII and ADEA, the definition of employer being substantially identical under both laws, most circuits that have confronted the issue, have concluded that there is no personal liability.[2] Only the Fourth Circuit Court has imposed personal liability to supervisors.[3] In this district there are various decisions dismissing individual liability claims against supervisors. *Elba Colón v. Patrick Wangen*, supra; *Flamand v. American International Group, Inc.*, 876 F.Supp. 356, 361–364 (D.P.R.1994); *Hernández Torres v. Intercontinental Trading Ltd.*, 1994 WL 752591, *3 (D.P.R.1994 Laffitte J.). The Court recognizes that there are district court opinions in the First Circuit holding for personal supervisory liability.[4]

This Court has scrutinized the statute and agrees with the well reasoned opinion of Judge Laffitte:

"The overall language of Title VII, the legislative history, and the Civil Rights Act of 1991 demonstrate that Congress used the word "agent" in the definition of "employer" to incorporate the doctrine of respondeat superior into the law [citations omitted]. There is absolutely no mention in the statute language or in the legislative history of Title VII's application to individual defendants (footnote omitted). As it was with other civil rights statutes such as

---

1. In the case of *Scarfo v. Cabletron Systems, Inc.*, 54 F.3d 931, 951–952 (1st Cir.1996) the issue was squarely presented, but the Court declined deciding the matter on procedural grounds.

2. *U.S. EEOC v. AIC Security Investigations Ltd.*, 55 F.3d 1276, 1281 (7th Cir.1995); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313–17 (2nd Cir. 1995); *Williams v. Banning*, 72 F.3d 552, 553–55 (7th Cir.1995); *Miller v. Maxwell's Int. Inc.*, 991 F.2d 583, 587–88 (9th Cir.1993), cert. denied 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *Haynes v. Williams*, 88 F.3d 898, 900–01 (10th Cir.1996); *Cross v. Alabama*, 49 F.3d 1490, 1504 (11th Cir.1995); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C.Cir.1995), cert. denied — U.S. ——, 116 S.Ct. 569, 133 L.Ed.2d 493 (1995); *Grant v. Lone Star*, 21 F.3d 649, 653 (5th Cir.), cert. denied, — U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994) (holding that supervisors cannot be held liable in their personal capacity but withholding judgment on if they can be sued on personal capacity.)

3. *Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir.1989), rev'd in part, aff'd in relevant part, 900 F.2d 27 (4th Cir.1990) (en banc).

4. *Ruffino v. State Street Bank & Trust Co.*, 908 F.Supp. 1019, 1047–48 (D.Mass.1995); *Weeks v. State of Maine*, 871 F.Supp. 515, 516, 517 (D.Me. 1994); *Douglas v. Coca–Cola Bottling Co. of Northern England Inc.*, 855 F.Supp. 518, 520 (D.N.H.1994); *Rivera v. Telefónica de P.R.*, 913 F.Supp. 81 (D.P.R.1995).

Section 1981, Congress would have included individuals like supervisors as potential liable parties ... Finally the language of the Civil Rights Act reflects Congress' pellucid desire to protect small corporate entities from the burdens of litigating discrimination lawsuits (footnote omitted). It shields all defendants with lower than fifteen employees from liability, 42 U.S.C.A. 1931a(a)(3) (1994). Moreover, for defendants with more than fourteen employees, it limits the amount for compensatory and punitive damages recoverable proportionally to the number of total employees. Id. Once again as with Title VII, there was absolutely no discussion of expanding liability to include individual defendants (footnote omitted). Indeed it would be nothing short of bizarre if Congress placed such heightened emphasis and concern on limiting the damages recoverable against small corporate entities and yet simultaneously, silently exposed all individual defendants to unlimited liability." *Wangen,* supra at 1064–65.

Since the law is totally silent as to individual liability, and the word "agent" has been incorporated in the definition of "employer" to include the doctrine of respondeat superior but not to establish individual liability, and further Congress has been meticulous in limiting the liability of small entities, this Court deems appropriate to leave to Congress, after consideration and debate, the matter of individual liability of supervisors. The Title VII claim against codefendant Net is therefore **dismissed.**[5]

 The Court notes that there is supplemental jurisdiction of a personal liability claim under local law also against codefendant "Net". The Puerto Rico Supreme Court has not decided the matter of individual liability under local Law 100, P.R.Laws Ann. Tit. 29 § 146 et sec. Although some cases have touched peripherally on the matter, *Santini Rivera v. Serv. Air. Inc.,* 94 JTS 121 (1994), the matter remains unresolved at this writing. Trial courts normally are authorized to dismiss supplemental jurisdiction claims that raise a novel and complex issue of

state law. *Rodríguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1172 (1st Cir.1995).

 The Court notes that in the context of Puerto Rico's Minimum Wage, containing similar definition of "employer" and "agent," *Secretary of Labor v. Ibarra García,* 88 DPR 494 (1963), the Supreme Court concluded that the extended definition of "employer" was intended to ensure that respondeat superior liability upon employers for the acts of agents be imposed, but not the agents themselves personally:

> "[T]he purpose of ... including the chiefs, officials, managers, officers, administrators and others [in the definition of employer] is to make the employer responsible for their conduct ... that is why the actions of the appellant as manager of the partnership business do not give him the status of employer; the partnership is the one responsible for them."

There seems to be no apparent personal liability of supervisors. Notwithstanding, the matter as stated above remains unresolved by the Supreme Court.

The Court shall continue entertaining the supplemental jurisdiction claim but forewarns plaintiff that should the matter remain unresolved the Court shall decline to exercise supplemental jurisdiction based on the mandate expressed at 28 U.S.C. 1367:

> "(c) the district court may decline to exercise supplemental jurisdiction under a claim ... if
> (I) the claim raises a novel or complex issue of state law."

Therefore, the Title VII claim against codefendant Net is hereby **dismissed.** The Court shall continue to exercise supplemental jurisdiction but notes that should the underlying state claim continue to be novel as trial approaches, the supplemental jurisdiction claim shall also be dismissed without prejudice. 28 U.S.C. 1367(c)(1).

IT IS SO ORDERED.

---

5. Since no final judgment of dismissal is to be issued; the matter may be revisited should the Court receive other guidance from the First Circuit Court in the matter.