**Grace MATOS ORTIZ, Plaintiff,**

v.

**COMMONWEALTH OF PUERTO RICO, et al., Defendants.**

No. CIV. 98–2391(HL).

United States District Court, D. Puerto Rico.

June 22, 2000.

Judith Berkan, Las Maria # 206–A, Rio Piedras, PR, for Grace Matos–Ortiz, plaintiff.

Lynn M. Doble–Salicrup, Schuster Usera Aguilo & Santiago, San Juan, PR, Gloria Robison–Guarch, Department of Justice of PR, Federal Litigation Division, San Juan, PR, for the Commonwealth of Puerto Rico, Carlos Mercado–Colon, Pedro Toledo, John Doe 98CV2391, Richard Roe 98CV2391, fictitious names representing officials of the Puerto Rico Police Department, defendants.

Carlos Mercado–Colon, Anasco, PR, pro se.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Plaintiff Grace Matos Ortiz ("Matos") brings suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. (West 1994) ("Title VII") for quid pro quo and hostile environment sexual harassment and for retaliation. Matos also brings suit under 42 U.S.C. § 1983 for denial of the equal protection of the laws. Finally, Matos invokes this Court's supplemental jurisdiction, 28 U.S.C.A. § 1367 (West 1993), and asserts claims under "the applicable labor laws of Puerto Rico, as well as the tort law of the Commonwealth." She does not specify the nature of her local law claims until she mentions Law 17 and Law 69 in her Opposition to Supplement to Motion to Dismiss, Dkt. No. 14. See P.R. Laws Ann. tit. 29, § 155 et seq. (1995) ("Law 17"); P.R. Laws Ann. tit. 29, § 1321 et seq. (1995) ("Law 69"). Matos presumably brings her tort claims under Puerto Rico's Article 1802. See P.R. Laws Ann. tit. 31, § 5141 (1991) ("Article 1802").

Defendants have filed a Motion to Dismiss, Dkt. No. 9; Matos has filed her Opposition, Dkt. No. 10; Defendants have filed a Supplement to Motion to Dismiss, Dkt. No. 11; and Matos has filed an Opposition to Supplement to Motion to Dismiss,

Dkt. No. 14. For reasons that follow, Defendants' Motion to Dismiss is granted in part and denied in part.

### Standard for Motion to Dismiss

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n,* 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him to recovery. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Miranda v. Ponce Federal Bank,* 948 F.2d 41, 44 (1st Cir. 1991). In his complaint a plaintiff is obliged to allege facts regarding each essential element necessary to entitle him to recovery under an actionable legal theory. *Roth v. United States,* 952 F.2d 611, 613 (1st Cir.1991) (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988)).

### Discussion

#### 1. Title VII Claims

■ Matos presses her Title VII claims for sexual harassment and retaliation against the Commonwealth of Puerto Rico ("Commonwealth"), Pedro A. Toledo–Davila ("Toledo"), Carlos Mercado Colon ("Mercado"), Peter Poe ("Poe"), and Samuel Soe ("Soe").[1] Defendants have moved to dismiss the claims against Toledo, Mercado, Poe, and Soe on the ground that individual liability does not lie under Title VII. The Court agrees. Although the First Circuit has not yet taken a position on the issue,[2] this Court has held on numerous occasions that Title VII can not ground individual liability. See e.g., *Maldonado–Cordero v. AT & T,* 73 F.Supp.2d 177, 183–84 (D.P.R.1999); *Canabal v. Aramark Corp.,* 48 F.Supp.2d 94, 96–98

(D.P.R.1999); *Acevedo Vargas v. Colon,* 2 F.Supp.2d 203, 206 (D.P.R.1998); *Pineda v. Almacenes Pitusa, Inc.,* 982 F.Supp. 88, 91–93 (D.P.R.1997); *Contreras Bordallo v. Banco Bilbao Vizcaya de Puerto Rico,* 952 F.Supp. 72, 73–74 (D.P.R.1997); *Hernandez v. Wangen,* 938 F.Supp. 1052, 1063–65 (D.P.R.1996); *Anonymous v. Legal Serv. Corp.,* 932 F.Supp. 49, 50–51 (D.P.R.1996). Accordingly, Matos' Title VII claims against Toledo, Mercado, Poe, and Soe wither. Matos' Title VII claims against the Commonwealth survive.

#### 2. Section 1983 Claims

Defendants have also moved to dismiss Matos' § 1983 claim for denial of the equal protection of the laws against the Commonwealth on Eleventh Amendment grounds. The Court need not address this matter, as Matos has asserted in her Opposition that her § 1983 claims only apply to individual defendants Toledo, Mercado, Poe, and Soe.

Defendants' argument that Matos' § 1983 claims are barred by the statute of limitations requires more lengthy treatment. According to Defendants, the limitations period for Matos' § 1983 claims began to run no later than October 29, 1997, the day after the date on which Matos alleges that Mercado sexually assaulted her.

■ The parties agree that Puerto Rico's one-year personal injury statute of limitations governs § 1983 actions in Puerto Rico. See *Benitez–Pons v. Commonwealth of Puerto Rico,* 136 F.3d 54, 59 (1st Cir.1998). See also P.R. Laws Ann. tit. 31, § 5298 (1991). This one-year limitations period starts to run "one day after accrual, which is the date plaintiff knew or had reason to know of the injury." *Benitez–Pons,* 136 F.3d at 59 (citing *Carreras–Rosa v. Alves–Cruz,* 127 F.3d 172 (1st Cir.1997)). See also *Ramos v. Roman,* 83

---

1. Poe and Soe are supervisors of Mercado whose identity Matos does not yet know.

2. *Morrison v. Carleton Woolen Mills, Inc.,* 108 F.3d 429, 444 (1st Cir.1997) (declining to answer the question of individual liability under Title VII).

F.Supp.2d 233, 238 (D.P.R.2000). Thus, the Court finds, the statute of limitations commenced running on October 29, 1997. Matos did not file this suit until December 14, 1998, more than one year later.

■ To save her § 1983 claims from demise, Matos argues that retaliatory actions were taken against her repeatedly as late as June of 1998. The problem for Matos, however, is that her claim is for denial of the equal protection of the laws. She was clearly aware, or should have been aware, of being deprived of equal protection on October 28, 1997. Thus, it was incumbent upon her to assert her rights in a timely manner. The fact that she was subjected to further mistreatment at work does not alter the date of her awareness of the alleged violation of § 1983.[3]

■ Matos makes a further attempt to revive her § 1983 claims by arguing that the statute of limitations was tolled by her pursuit of an extrajudicial claim. It is well settled that tolling of the § 1983 statute of limitations is governed by state law. See, e.g., *Benitez–Pons*, 136 F.3d at 59; *Torres v. Superintendent of Police*, 893 F.2d 404, 407 (1st Cir.1990). Under the Puerto Rico Civil Code, extrajudicial claims toll the statute of limitations. P.R. Laws Ann. tit. 31, § 5303 (1991); *Benitez– Pons*, 136 F.3d at 59. Matos argues that her filing of an administrative claim before the Puerto Rico Antidiscrimination Unit ("AU") and the Equal Employment Oppor-

tunity Commission ("EEOC") on April 18, 1998 tolled the statute of limitations on her § 1983 claim.

■ For an extrajudicial claim to toll a statute of limitations, however, the extrajudicial claim must present the identical cause of action as the claim later presented in court. *Benitez–Pons*, 136 F.3d at 59. Further, the two claims must arise from the same facts and must request the same relief. *Id.* at 59–60. Matos' extrajudicial claim was brought to remedy "sexual harassment and retaliation." Dkt. No. 14, Exhibit 1.[4] Her extrajudicial claim makes no mention of any desire for redress for a violation of her right to the equal protection of the laws. *Id.* Thus, Matos did not toll the statute of limitations on her § 1983 claims by filing her extrajudicial claim.[5] In addition to the lack of identity between Matos' extrajudicial claim and her § 1983 claim, the case law makes clear that because "the EEOC has no jurisdiction over claims brought pursuant to § 1983, ... a charge filed with the EEOC or Puerto Rico Anti–Discrimination Unit cannot serve to toll the limitations period for a § 1983 claim." *Sifre v. Department of Health*, 38 F.Supp.2d 91, 96 (D.P.R.1999) (citing *Leon–Nogueras*, 964 F.Supp. at 589), *aff'd*, 214 F.3d 23, 2000 WL 669788 (1st Cir.2000). Matos' § 1983 claims are time barred.

### 3. Local Law Claims

Defendants also move for the dismissal of Matos' local law claims on statute-of-

---

**3.** Matos has made no arguments regarding the existence of a continuing violation. The Court shall not make these arguments for her. See *Cruz–Erazo v. Rivera–Montanez*, 212 F.3d 617, 622 n. 3 (1st Cir.2000) (stating that when a litigant has failed to raise a legal argument, "we think neither [the district nor the circuit] court is obliged to dream up and articulate [litigants'] arguments for them").

**4.** Although the Motion to Dismiss in this case is based on Rule 12(b)(6), the Court may under certain circumstances consider documentary evidence. The First Circuit has held that "[w]hen, as now, a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the

authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir.1998).

**5.** It is incumbent upon the party bringing an extrajudicial claim to identify with particularity the causes of action being pressed, as this enables the Court to determine which causes of action are tolled when various potential causes of action arise from the same set of facts. *Leon–Nogueras v. University of Puerto Rico*, 964 F.Supp. 585, 588 (D.P.R.1997).

limitations grounds. Matos' local law claims apply only to Toledo, Mercado, Poe, and Soe. Matos again asseverates that her extrajudicial claim tolled the statute of limitations on her claims under Law 17, Law 69, and Article 1802.

Although Law 17 and Law 69 do not set forth their own statutes of limitations in their statutory language, the one-year tort limitations period applies to both causes of action by analogy to Law 100, 29 P.R. Laws Ann. § 146 et seq. (1995), Puerto Rico's general employment discrimination statute. *Suarez Ruiz v. Figueroa Colon*, 98 JTS 32, 98 TSPR 30 (1998) (holding that in the absence of a legislative statement on the matter, the statute of limitations for Law 17 and Law 69 is the one-year term that is applicable to Law 100 claims and citing *Olmo v. Young & Rubicam of P.R., Inc.*, 110 P.R. Dec. 740, 745–48 (1981) (holding that Puerto Rico's Law 100, establishing a cause of action for, among others, race- and sex-based dismissals, is subject to the one-year tort statute of limitations because of the tort statute's being the most closely analogous statute)). See also *Sanchez v. Autoridad de Energia Electrica*, 97 JTS 45, 97 CDT 46 (1997) (assuming without citation or discussion that the limitations period for Law 17 claims is one year); *Matos Molero v. Roche Products, Inc.*, 132 P.R. Dec. 470, 476 (1993) (recognizing the one-year statute of limitations for claims under Law 100); *Secretario Del Trabajo y Recursos Humanos v. Finetex Hpsiery Co., Inc.*, 116 P.R. Dec. 823, 827, 1986 WL 376826 (1986) (same).

 Matos' extrajudicial claim tolls the statute of limitations on her Law 17 claim. Matos' extrajudicial claim sets forth facts supporting a claim for "sexual harassment and retaliation," both of which are subsumed by Law 17. See P.R. Laws Ann. tit. 29, § 155 et seq. (1995). Thus, her extrajudicial claim is identical to her Law 17 claim, and her Law 17 claim was tolled by the filing of her extrajudicial claim. See *Benitez–Pons*, 136 F.3d at 59.

Under Puerto Rico law, when "the running of a statute of limitations is tolled by [the filing of an extrajudicial claim], the period of limitations begins to run again from the beginning." *Leon–Nogueras*, 964 F.Supp. at 587 (citing *Diaz–de–Diana v. A.J.A.S. Ins. Co.*, 110 P.R. Dec. 471, 1980 WL 138494 (1980)). Thus, when Matos filed her extrajudicial claim on April 18, 1998, the one-year statute of limitations on her Law 17 claim reset. Matos' December 14, 1998 filing of this suit, then, fell well within the statute of limitations.

 Law 69 deals with discrimination in employment on the basis of sex. According to the Supreme Court of Puerto Rico, sexual harassment is a form of discrimination on the basis of sex proscribed by Law 100. *Sanchez*, 97 JTS 45, 97 CDT 46 (citing *Delgado Zayas v. Hospital Interamericano*, 137 P.R. Dec. 643, 651, 1994 WL 908890 (1994)). In spite of this, the Puerto Rico legislature passed Law 17 prohibiting sexual harassment. *Id.* Because the Supreme Court of Puerto Rico has held that sexual harassment under Law 17 is a form of sex discrimination, it follows that Law 69's prohibition on sex discrimination in employment also overlaps with Law 17's prohibitions. Thus, Matos' extrajudicial claim of sexual harassment constitutes a claim of sex discrimination. Matos' extrajudicial claim for sexual harassment thus tolled the statute of limitations for her Law 69 claim. The one-year statute of limitations having reset on April 18, 1998, Matos' December 14, 1998 filing of this lawsuit fell within the statute of limitations.

 Article 1802 is Puerto Rico's basic tort statute. Unfortunately for Matos, the case law makes clear that her extrajudicial claim did not toll the statute of limitations for her tort claim. See *Sifre*, 38 F.Supp.2d at 96; *Leon–Nogueras*, 964 F.Supp. at 588 (pointing out that "the Supreme Court of Puerto Rico has held that the filing of an administrative charge [with the EEOC or the AU] will not toll the running of the

statute of limitations for a tort action, even if the tort arises from the same event which gave rise to the administrative complaint"). A one-year statute of limitations applies to torts in Puerto Rico. P.R. Laws Ann. tit. 31, § 5298 (1991). Further, this period begins at "the time the aggrieved person had knowledge" of the injury. P.R. Laws Ann. tit. 31, § 5298 (1991). This statutory provision has been interpreted by the Supreme Court of Puerto Rico to require one to show "both 'notice of the injury' and 'notice of the person who caused it.'" *Fragoso v. Lopez*, 991 F.2d 878, 886 (1st Cir.1993) (quoting *Colon Prieto v. Geigel*, 115 P.R. Dec. 232, 247, 1984 WL 270950, 15 Official Translations 313, 330 (1985)). Thus, Matos' Article 1802 claim accrued on October 28, 1997, the day on which Mercado allegedly sexually assaulted her. Matos did not file this suit until December 14, 1998. Thus, her Article 1802 claims are time-barred.

Although the parties have not addressed this issue, the Court notes that Matos' claims under Law 17 and Law 69 face an additional hurdle. Considerable authority construing Law 17 and the closely analogous Law 100 suggests that neither Law 17 nor Law 69 supports a cause of action against individual defendants.[6] See *Maldonado–Cordero*, 73 F.Supp.2d at 184 (holding that there is no individual liability under Law 100); *Canabal*, 48 F.Supp.2d at 98–99 (deciding that neither Law 17 nor Law 100 allow individual liability); *Santiago v. Lloyd*, 33 F.Supp.2d 99, 104–05 (D.P.R.1998) (holding that although the Puerto Rico courts have not addressed the issue, Law 17 and Law 100 do not support a cause of action against individual defendants); *Figueroa v. Mateco*, 939 F.Supp. 106, 107 (D.P.R.1996) (stating that although there are no decisions from the Puerto Rico Supreme Court on the matter of individual liability under Law 100, "the Court concludes that Law 100 does not

provide for the imposition of individual liability"); *Garcia Pantoja v. General Instruments, Inc.*, 1996 WL 790102, *1 (D.P.R.1996) (finding that neither Law 17 nor Law 100 provide for individual liability).

Besides these several federal cases treating this topic, the Court looks to Law 100 by analogy to determine whether Law 17 and Law 69 support individual liability. As the cases and commentary cited below in this Opinion and Order make clear, Law 17, Law 69, and Law 100 serve virtually identical purposes and outlaw virtually identical behaviors. In fact, Law 17 and Law 69 are merely amplifications of principles already contained in Law 100, which of course does not allow individual liability. Accordingly, Law 17 and Law 69 are, according to the canons of statutory construction, to be interpreted *in pari materia* with Law 100. See *Beauchamp v. Holsum Bakers*, 116 P.R. Dec. 522, 526–27 (1985) (setting forth that laws covering the same matter or object should be interpreted *in pari materia*, allowing the clear part of one statute to illuminate unclear parts of another); R. Efren Bernier, *Aprobacion e Interpretacion de las Leyes en Puerto Rico* 483 (2d ed.1987) (same). Another recognized commentator has stated, "[s]tatutes are considered to be in pari materia when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object." Norman J. Singer, 2B *Sutherland Statutory Construction* § 51.03 (5th ed.1992). See also *Suarez Ruiz*, 98 JTS 32, 98 TSPR 30 (stating that Law 17 and Law 69 represent more specific prohibitions of what is already prohibited by Law 100 and that all three statutes form a single legislative scheme to create a public policy against sex discrimination); *Velez Miranda v. Servicios Legales de Puerto Rico, Inc.*, 98 TSPR 1, 1998 WL 197854

---

6. Although the Puerto Rico Supreme Court has not explicitly ruled on the applicability of Law 17 and Law 69 to individual defendants, when state law is unambiguous, as it is here, a federal court should not abstain from ruling on an issue of state law. *Rivera–Puig v. Garcia–Rosario*, 983 F.2d 311, 322 (1st Cir.1992).

(1998) (holding that Law 17 makes express the prohibition on sexual harassment and serves the same purpose as Law 100); *Sanchez,* 97 JTS 45, 97 CDT 46 (asserting that sexual harassment is a form of sex discrimination prohibited by Law 100); *Delgado Zayas,* 137 P.R. Dec. at 651 (same); *Rodriguez Melendez v. Supermercado Amigo, Inc.,* 126 P.R. Dec. 117, 124, 1990 WL 657444 (1990) (same); Alberto Acevedo Colom, *Legislacion Protectora del Trabajo Comentada* 246–47 (6th ed.1999) (opining that the legislature of Puerto Rico in passing Law 17 and Law 69 added nothing to the law as it stood under Law 100).

■ Further evidence of the unity of purpose and structure of these three statutes is the remedial provisions of the statutes. Law 17 and Law 69 both borrow the Law 100 provision for the doubling of a plaintiff's damages. See 29 P.R. Laws Ann. § 146(a)(1) (1995); P.R. Laws Ann. tit. 29, § 155j(1) (1995); P.R. Laws Ann. tit. 29, § 1341(a)(1) (1995). Thus, the Court concludes that Law 17 and Law 69 do not support individual liability. Accordingly, Matos' claims under Law 17 and Law 69 can not continue.

### 4. Punitive Damages

In their Motion to Dismiss, Defendants argue that punitive damages are not available against the Commonwealth. In her Opposition, Matos agrees. Because none of Matos' claims against the individual defendants remain, Matos' claims for punitive damages no longer survive.

### Conclusion

With this Opinion and Order, the Court hereby dismisses with prejudice Plaintiff's Title VII claims against Defendants Pedro A. Toledo–Davila ("Toledo"), Carlos Mercado Colon ("Mercado"), Peter Poe ("Poe"), and Samuel Soe ("Soe"); Plaintiff's § 1983 claims; Plaintiff's Article 1802 claims; and Plaintiff's Law 17 and Law 69

claims. Mercado's Title VII claims against the Commonwealth remain intact.

**IT IS SO ORDERED.**