Maria IRAVEDRA, et al., Plaintiffs,

v.

**PUBLIC BUILDING AUTHORITY,
et al., Defendants.**

**Civil No. 01–1581(DRD).**

United States District Court,
D. Puerto Rico.

Sept. 23, 2003.

Victor P. Miranda–Corrada, Hato Rey Tower, San Juan, PR, for plaintiffs.

Juan M. Rivera–Gonzalez, Lespier & Munoz Noya, Commonwealth Department of Justice, Federal Litigation Division, San Juan, PR, Roberto A. Fernandez–Quiles, Hato Rey, PR, Jose A. Santiago–Rivera, Wilfredo Jirau–Toledo, Bayamon, PR, for defendants.

Maria Iravedra, Bayamon, PR, Pro se.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is Co–Defendant's, Wilfredo Jirau Toledo, in his personal capacity, Motion for Judgment on the Pleadings Under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 36). Plaintiff opposed, thereafter filed a Motion supplementing their Opposition. (Docket Nos. 40 & 46). Co–Defendant thereafter submitted a Supplement to his Motion for Judgment on the Pleadings. (Docket No. 49).[1]

Co–Defendant moves to dismiss the instant action on the ground that Title VII of the Civil Rights Act of 1964, does not provide for individual liability against his person for Plaintiff's gender, sexual harassment, and national origin claims. Co–Defendant further states that Plaintiff's due process claim under 42 U.S.C. § 1983, is time barred, because filing of an

---

1. Plaintiffs thereafter filed an Opposition to Jirau's Response (Docket No. 54). Co–Defendant replied through Docket No. 53.

administrative charge with the Equal Employment Opportunity Commission ("EEOC"), does not toll the running of the one-year statute of limitations, provided for Section 1983 claims. For the reasons set forth below, Co–Defendant's Motion is hereby **GRANTED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a Cuban immigrant, became a naturalized U.S. citizen in 1978. Her career in the public sector began in 1987. In 1998, she was appointed as the Public Building Authority's Human Resources Director. Plaintiff's claims are alleged to have arisen under the First, Fifth and Fourteenth amendments, for deprivation of her due process rights, all in violation of 42 U.S.C. § 1983.(Docket No. 1, ¶ 1). Pursuant to the facts alleged in the complaint, Plaintiff was terminated on September 29, 1999, motivated exclusively by her national origin and gender. Plaintiff, a female employee, also claims to have been a victim of sexual harassment. In the complaint, Plaintiff alleges that she was illegally discriminated and wrongfully terminated by Defendants in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII). Plaintiff also invoked supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, for violation of Puerto Rico's Act No. 17 of April 22, 1988, 29 P.R. Laws Ann. § 155 et seq., (better known as the Puerto Rico's Sexual Harassment Law,

or Law 17) and under Puerto Rico's Act No. 69 of July 6, 1985, 29 P.R. Laws Ann., § 1321 et seq., (better known as the Puerto Rico's Gender Discrimination Law, or Law 69).

Plaintiff filed this action on May 7, 2001, against Defendant, Wilfredo Jirau–Toledo, in his personal and individual capacity, against the Public Building Authority as Plaintiff's employer, and against the Commonwealth of Puerto Rico (Docket No. 1).[2] Pursuant to the complaint, Plaintiff's dismissal was retaliatory in nature "because she rejected [her boss'] sexual advances and because of her natural origin." (Docket No. 1, ¶ 26). Plaintiff contends that Jirau–Toledo, as the Executive Director of the Public Building Authority, is individually liable for the alleged discriminatory conduct under the three statutes, to wit, Title VII, and Puerto Rico's Law No. 17, and Law No. 69.

On July 30, 2000, Plaintiff filed administrative charges of discrimination with the Anti Discrimination Unit of Puerto Rico's Department of Labor and the EEOC alleging discrimination on the basis of sex (gender), and national origin, and stated that the last discriminatory act on behalf of Defendants took place on September 29, 1999, date of her discharge.[3] The EEOC issued the corresponding "right-to-sue" letter on April 23, 2001; Plaintiff received it the same day. Plaintiff filed suit in this

---

**2.** The Complaint was also filed against Mr. Jirau–Toledo's spouse, and the conjugal partnerships constituted between them. Plaintiff filed suit against the Commonwealth of Puerto Rico. However, the Court dismissed all claims against the government, on the basis that the Commonwealth was never Plaintiff's employer. The Court determined that Plaintiff lacked standing to sue the Commonwealth, and that the Public Building Authority was Plaintiff's "exclusive legal employer". The Court found that since the Public Build-

ing Authority was not an alter ego of the Commonwealth, but instead a separate and independent entity, that all claims against the Commonwealth had to be dismissed for lack of standing. See, *Iravedra v. Public Building Authority,* 196 F.Supp.2d 104 (D.Puerto Rico 2002).

**3.** See Exh. A, to Plaintiff's Motion Submitting Copy of Charge of Discrimination, (Docket No. 57).

District Court on May 7, 2001. (Docket No. 1).

In his Motion for Judgment on the Pleadings, Co-defendant argues that the claims against him should be dismissed because Title VII does not provide for the imposition of individual liability. Co–Defendant further sustains, in his Motion supplementing the Motion for Judgment on the Pleadings, that even if Plaintiff timely filed her Title VII claims with the EEOC, the statute of limitations for the Section 1983 claims were not tolled during the pendency of the Title VII administrative proceedings. Because the last discriminatory act occurred on September 29, 1999, i.e., date Plaintiff's discharge took place, and since the complaint including the Section 1983 claims was filed on May 7, 2001, more than a year after the discharge, Co–Defendant requests that such claims be dismissed as time-barred.[4]

In her Opposition, Plaintiff avers that "as regards to the individual liability of supervisors plaintiff disagrees with the position adopted in this district rejecting individual liability under Title VII." (Docket No. 40, ¶ 5). Plaintiff further alleges, and the Court quotes, that "[t]o our knowledge, as of this date neither the Supreme Court nor the Court of Appeals for their circuit have decided that there is no individual liability in Title VII cases." (Docket No. 40, ¶ 5). Since, according to Plaintiff, the matter is yet to be decided and since the issue has been amply discussed by this Court in other cases, then she refrained from considering it "in order to save time and resources." (Docket No. 40, ¶ 5). As to the statute of limitations defense, Plain-

tiff stated that pursuant to this Court's decision in *Leon–Nogueras v. University of Puerto Rico,* 964 F.Supp. 585 (D.Puerto Rico 1997), the filing of an EEOC charge is capable of tolling the § 1983 statute of limitations.

The Court now considers Co–Defendant's Motion for Judgment on the Pleadings, under FED.R.CIV.P. 12(c).

## II. JUDGMENT ON THE PLEADINGS AND FED.R.CIV.P. 12(c)

▆▆ The FEDERAL RULES OF CIVIL PROCEDURE allow a party to move for judgment on the pleadings, "[a]fter the pleadings are closed but within such time as not to delay the trial...." *See* FED.R.CIV.P. 12(c). When considering a motion under Rule 12(c), courts "must accept all of the non-movant's well-pleaded factual averment as true and draw all reasonable inferences in [his or her] favor." *See Santiago de Castro v. Morales Medina,* 943 F.2d 129, 130 (1st Cir.1991)(*citing Rivera–Gomez v. de Castro,* 843 F.2d 631, 635 (1st Cir.1988)). Although recently the First Circuit Court of Appeals recognized that "nothing in the text of Rule 12(c) compels [a] court to apply any particular standard when deciding whether to grant or deny a motion for judgment on the pleadings," *NEPSK, Inc. v. Town of Houlton,* 283 F.3d 1, 8 (1st Cir.2002), on several previous occasions the appellate court has consistently reiterated the long-standing standard that judgment on the pleadings, under Rule 12(c), "may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her

---

**4.** Co–Defendant moves for dismissal on some other grounds, to wit: (i) failure to exhaust administrative remedies; (ii) Co Defendant is entitled to qualified immunity. Because the Court finds that Plaintiff did exhaust administrative remedies before the EEOC, such defense is not to be entertained. (See Docket Nos. 1 & 57; attached copy of charge of discrimination at the EEOC). Further, because the Court finds that dismissal is warranted on the issue of individual liability and statute of limitations, there is no need to further enter into the qualified immunity defense.

claim which would entitle her to relief." *Feliciano v. Rhode Island,* 160 F.3d 780, 788 (1st Cir.1998); *Gaskell v. Harvard Cooperative Society,* 3 F.3d 495, 497–98 (1st Cir.1993); *International Paper Co. v. Jay,* 928 F.2d 480, 482 (1st Cir.1991). Thus, under Rule 12(c), courts need not credit conclusory statements or merely subjective characterizations, but rather plaintiffs must set forth in their complaint specific, nonconclusory factual allegations regarding each material element necessary to sustain recovery. *Coyne v. City of Somerville,* 972 F.2d 440, 444 (1st Cir.1992); *Dartmouth Review v. Dartmouth Coll.,* 889 F.2d 13, 16 (1st Cir.1989). Pursuant to this standard, the Court now reviews Plaintiffs' pleadings.

## III. APPLICATION

### A. *Individual Liability under Title VII—*

As to this type of claims, the Court must express that, in the past, we have addressed the present issue and agreed that Title VII does not provide for the imposition of individual liability. See *Vizcarrondo v. Board of Trustees,* 139 F.Supp.2d 198, 205 (D.Puerto Rico 2001). In *Vizcarrondo,* this Court stated that although the First Circuit Court of Appeals and the Supreme Court have yet to decide this issue of individual liability of supervisors, See e.g. *Serapion v. Martinez,* 119 F.3d 982, 992 (1st Cir.1997) (circuit has not resolved issue and declined to address); see also *Scarfo v. Cabletron Systems, Inc.,* 54 F.3d 931, 951–952 (1st Cir.1995), this district, and in particular the undersigned, has followed the majority of circuits that have confronted this issue holding that no personal liability can attach to agents and supervisors under Title VII. See *Acevedo Vargas v. Colon,* 2 F.Supp.2d 203, 206–207 (D.Puerto Rico 1998) (Title VII); *Contreras Bordallo v. Banco Bilbao Vizcaya de P.R.,* 952 F.Supp. 72 (D.Puerto Rico 1997) (Title VII); *Rodriguez v. Puerto Rico Marine Management, Inc.,* 975 F.Supp. 115, 120 (D.Puerto Rico 1997) (ADEA). In *Cotto v. Citibank, N.A.,* 247 F.Supp.2d 44, 46–47 (D.Puerto Rico 2003), this Court reached the same conclusion, therefore dismissing Plaintiff's claim under Title VII, against defendants in their individual capacity. See also, *Barbosa v. Baxter Healthcare Corp.,* 2000 WL 1739309 (D.Puerto Rico 2000), this Court expressed that although *Suarez v. Pueblo Int'l, Inc.,* 229 F.3d 49, 56 n. 6 (1st Cir.2000), (took no view on whether there is individual liability under the ADEA); *Serapion v. Martinez,* 119 F.3d 982, 992–93 (1st Cir.1997) (avoiding the issue with regard to Title VII), a majority of the circuits, as well as courts in this district, have held that there is no individual liability for claims under Title VII, see *Lissau v. Southern Food Service, Inc.,* 159 F.3d 177, 180–81 (4th Cir.1998); *Bales v. Wal–Mart Stores, Inc.,* 143 F.3d 1103, 1111 (8th Cir.1998); *Wathen v. General Elec.,* 115 F.3d 400, 403–06 (6th Cir. 1997); *Sheridan v. E.I. DuPont de Nemours and Co.,* 100 F.3d 1061, 1077–78 (3rd Cir.1996); *Haynes v. Williams,* 88 F.3d 898, 900–01 (10th Cir.1996); *Williams v. Banning,* 72 F.3d 552, 555 (7th Cir.1995); *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313–17 (2nd Cir.1995); *Gary v. Long,* 59 F.3d 1391, 1399 (D.C.Cir.1995); *Smith v. Lomax,* 45 F.3d 402, 403–04 n. 4 (11th Cir. 1995); *Grant v. Lone Star Co.,* 21 F.3d 649, 651–53 (5th Cir.1994); *Miller v. Maxwell's Int'l, Inc.,* 991 F.2d 583, 587–88 (9th Cir.1993); *Mejias Miranda v. BBII Acquisition Corp.,* 120 F.Supp.2d 157, 171 (D.Puerto Rico 2000); *Matos Ortiz v. Commonwealth of Puerto Rico,* 103 F.Supp.2d 59, 60 (D.P.R.2000); *Maldonado–Cordero v. AT & T,* 73 F.Supp.2d 177, 183–84 (D.P.R.1999); *Canabal v. Aramark Corp.,* 48 F.Supp.2d 94, 96–98 (D.P.R. 1999); *Acevedo Vargas v. Colon,* 2

F.Supp.2d 203, 206–07 (D.P.R.1998); *Pineda v. Almacenes Pitusa, Inc.*, 982 F.Supp. 88, 91–93 (D.P.R.1997); *Contreras Bordallo v. Banco Bilbao Vizcaya de Puerto Rico*, 952 F.Supp. 72, 73–74 (D.P.R.1997); *Hernandez v. Wangen*, 938 F.Supp. 1052, 1063–65 (D.P.R.1996).[5] **The Court further explains.**

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., prohibits any employer, employment agency, or labor organization from engaging in unlawful employment practices based upon an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e. For the purposes of Title VII "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year from the date of the alleged discriminatory act, and any agent of such a person." 42 U.S.C. § 2000e et seq.; *see also Vera–Lozano v. International Broadcasting*, 50 F.3d 67 (1st Cir.1995). The Public Building Authority's liability, as Plaintiff's employer under the Title VII, is not presently in controversy. See *Iravedra v. Public Building Authority*, 196 F.Supp.2d 104 (D.Puerto Rico 2002).[6]

As previously stated, "[t]he majority of the circuits have concluded that there is no personal liability of agents and/or supervisors under Title VII because said individual persons are not 'employers' within the act." *Acevedo Vargas*, 2 F.Supp.2d at 206. quoting *Tomka v. Seiler Corp.*, 66 F.3d at 1313–1317; *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir.1995); *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377 (8th Cir. 1995); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir.1994); *Grant v. Lone Star Co.*, 21 F.3d at 651–653; *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.1993); *Smith v. Lomax*, 45 F.3d 402, 403–404 (11th Cir.1995). This District

---

**5.** Courts have reached similar conclusions with regard to **claims under the ADA**, see *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir.1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir.1996); *E.E.O.C. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir.1995); *Julia v. Janssen, Inc.*, 92 F.Supp.2d 25, 28–29 (D.P.R. 2000); *Vicenty Martell v. Estado Libre Asociado*, 48 F.Supp.2d 81, 87–88 (D.P.R.1999); *Sifre v. Dep't of Health*, 38 F.Supp.2d 91, 105–06 (D.P.R.1999); *Figueroa v. Fajardo*, 1 F.Supp.2d 117, 120 (D.P.R.1998); *Anonymous v. Legal Serv. Corp.*, 932 F.Supp. 49, 50–51 (D.P.R.1996), and as to **claims under the ADEA**, see *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir.1996); *Smith*, 45 F.3d at 403–04 n. 4; *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir.1994); *Miller*, 991 F.2d at 587–88; *Diaz v. Antilles Conversion & Export, Inc.*, 62 F.Supp.2d 463, 465 (D.P.R. 1999); *Vicenty Martell*, 48 F.Supp.2d at 88–89; *Rodriguez v. Puerto Rico Marine Management, Inc.*, 975 F.Supp. 115, 120 (D.P.R. 1997); *Moreno v. John Crane, Inc.*, 963 F.Supp. 72, 76–77 (D.P.R.1997); *Figueroa v. Mateco, Inc.*, 939 F.Supp. 106, 107 (D.P.R.

1996); *Flamand v. American Int'l Group, Inc.*, 876 F.Supp. 356, 361–64 (D.P.R.1994).

**6.** The Public Building Authority is "[a] body corporate and politic with corporate franchise." See its organic statute, Law No. 56 of June 19, 1958, 22 P.R. Laws Ann., § 901 et seq., § 902. It is a public corporation, created by law. Section 906 of the law provides that the Public Building Authority shall have "perpetual existence as a corporation"; has the status of a separate public corporation, which has the power to sue and to be sued. 22 P.R. Laws Ann., § 906(4).

See *Siaca v. Autoridad de Acueductos y Alcantarillados*, 160 F.Supp.2d 188 (D.Puerto Rico 2001)(Title VII as applied to the A.A.A., also a public corporation); see also, *Rivera v. Telefonica de P.R.*, 913 F.Supp. 81 (D.Puerto Rico 1995)(Title VII as applied to the Puerto Rico Telephone Company, as a public corporation); *Cuello Suarez v. Puerto Rico Electric Power Authority*, 798 F.Supp. 876 (D.Puerto Rico 1992)(Title VII as applied to PREPA, public corporation).

Court has previously analyzed and accordingly concluded that there is no individual liability as to supervisors:

"The overall language of Title VII, the legislative history, and the Civil Rights Act of 1991 demonstrate that Congress used the word "agent" in the definition of "employer" to incorporate the doctrine of respondeat superior into the law [citations omitted]. There is absolutely no mention in the statute language or in the legislative history of Title VII's application to individual defendants (footnote omitted). As it was with other civil rights statutes such as Section 1981, Congress would have included individuals like supervisors as potential liable parties … Finally the language of the Civil Rights Act reflects Congress' pellucid desire to protect small corporate entities from the burdens of litigating discrimination lawsuits (footnote omitted). It shields all defendants with lower than fifteen employees from liability, 42 U.S.C.A.1931a(a)(3) (1994). Moreover, for defendants with more than fourteen employees, it limits the amount for compensatory and punitive damages recoverable proportionally to the number of total employees. Id. Once again as with Title VII, there was absolutely no discussion of expanding liability to include individual defendants (footnote omitted). Indeed it would be nothing short of bizarre if Congress placed such heightened emphasis and concern on limiting the damages recoverable against small corporate entities and yet simultaneously, silently exposed all individual defendants to unlimited liability."

*Contreras Bordallo v. Banco Bilbao Vizcaya de Puerto*, 952 F.Supp. at 73–74; *quoting Elba Colon Hernandez v. Patrick Wangen, supra.*

■ The Court thus concludes that Title VII does not provide for the imposition of individual liability to supervisors, following the majority of circuits' holdings that no personal liability can attach to agents and supervisors under Title VII. *Mejias Miranda v. BBII Acquisition Corp.*, 120 F.Supp.2d at 171. The Court will continue to adopt this interpretation of the law until subsequent decisions of the First Circuit or the Supreme Court dictate otherwise. Therefore, Plaintiff's liability claims, under Title VII, as to Co–Defendant Jirau–Toledo, in his personal capacity, and as to his conjugal partnership are **DISMISSED.**

### B. *Applicable Statute of Limitations; 42 U.S.C. § 1983—*

■ As to the Section 1983 claim, Plaintiff argues that the statute of limitations did not begin to run until she had exhausted administrative remedies through the EEOC. The Court disagrees with Plaintiff, and with Plaintiff's interpretation of *Leon–Nogueras v. University of Puerto Rico*, 964 F.Supp. 585 (D.Puerto Rico 1997). The Court, on the other hand, agrees with Co–Defendant's argument that the statute of limitations governing Section 1983 actions has run in the instant case.[7] The Court explains.

■ Section 1983 does not provide its own statute of limitations; as such, when a federal statute does not include a limitations period, courts look to the most analogous state statute of limitations for guidance. See *Carreras–Rosa v. Alves–Cruz*, 127 F.3d 172, 174 (1st Cir.1997) (citing *Wilson v. Garcia*, 471 U.S. 261, 278–80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)).

7. The Court clarifies that having the statute of limitations governing Section 1983 actions run in the instant case, such claims are time barred as to Co–Defendant Jirau–Toledo, as well as to the rest of Defendants, to wit, the Public Building Authority. Notwithstanding that only Co–Defendant Jirau–Toledo moved for dismissal on such ground.

The First Circuit has held that for § 1983 claims, the statute of limitations governing personal injury actions is to be applied. In Puerto Rico, the relevant limitations period is one year, based on Article 1868(2) of the Puerto Rico Civil Code, 31 P.R.Laws Ann., §§ 5298(2). The accrual date of a Section 1983 action, however, is determined by federal law. See *Ramos v. Roman*, 83 F.Supp.2d 233, 237 (D.P.R. 2000); *Torres v. Superintendent of the Police of Puerto Rico*, 893 F.2d 404, 407 (1st Cir.1990). The accrual period "begins when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Torres*, 893 F.2d at 407 (citing *Marrapese v. Rhode Island*, 749 F.2d 934, 936 (1st Cir.1984)). The Court considers September 29, 1999 as the accrual date, for Plaintiff herself stated, in her EEOC charge, that the last discriminatory act occurred on that specific date. (See Exh. A, to Docket No. 57).

In the present case, Plaintiff's complaint states that she was dismissed on September 29, 1999. This is the latest date her claims could have accrued. Thus, to file a timely claim pursuant to Section 1983, Plaintiff must have filed her complaint by September 30, 2000. Plaintiff, however, did not file her complaint until May 7, 2001. In addition, Plaintiff makes no specific claim that her Section 1983 claims should be tolled, except for the argument that the EEOC filing, for the sex, gender and national origin discrimination claims, was capable of tolling the applicable statute of limitations.

Tolling of a statute of limitations under Section 1983 is governed by state law, and in Puerto Rico, "extrajudicial" claims and prior judicial claims serve to toll the limitations period. See *Torres*, 893 F.2d at 407 (citing Article 1873 of the Puerto Rico Civil Code, 31 P.R.Laws Ann., §§ 5303). The Puerto Rico Supreme

Court has held that the filing of a charge with the EEOC for causes of action under Title VII tolls **equivalent causes of action for employment discrimination** under Puerto Rico law. See *Matos Molero v. Roche Products, Inc.*, 132 P.R.Dec. 470, 486–487 (1993), (emphasis added); *Leon–Nogueras v. University of Puerto Rico*, 964 F.Supp. at 588 (regarding Law 100, "the filing of a Title VII claim with the EEOC not only tolls but also suspends the running of the statute of limitations for claims under (state counterpart discrimination law) Law 100 arising out of the same incidents".) As discussed by the Court in *Leon–Nogueras v. University of Puerto Rico*, "this result is perfectly consistent with the requirement that the substantive claims raised in the extrajudicial claim must be identical substantive claims raised in the subsequent judicial complaint." *Leon–Nogueras v. University of Puerto Rico*, 964 F.Supp. at 589.

However, this Court has stated that since the EEOC has no jurisdiction over claims brought pursuant to Section 1983, a charge filed with the EEOC or the Puerto Rico Anti–Discrimination Unit cannot serve to toll the limitations period for a Section 1983 constitutional rights violation claim. See *Leon–Nogueras*, 964 F.Supp. at 589. In its analysis of Puerto Rico tolling law, the Court in *Leon–Nogueras* noted that: "the Supreme Court of the Commonwealth of Puerto Rico has held that the filing of an administrative charge will not toll the running of the statute of limitations for a tort action, even if the tort arises from the same event which gave rise to the administrative complaint, because the administrative agency had no jurisdiction over tort claims." 964 F.Supp. at 588 (citing *Cintron v. E.L.A.*, 1990 WL 658719, 127 P.R.Dec. 582, 595–596 (1990)).

Based on the Puerto Rico Supreme Court's analysis in Cintrón, this Court de-

termined that the fact that the EEOC has no jurisdiction over Section 1983 claims, in the same manner as it has no jurisdiction over a tort action, leads to the conclusion that an EEOC charge cannot serve to toll the limitations period for the Section 1983 claims. See, *Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) ("[a]n individual is not required to exhaust administrative remedies prior to instituting an action under Section 1983. Since exhaustion of administrative remedies is not a prerequisite to filing suit, the statute would not be tolled pending pursuit of administrative remedies but would begin to run on the date the cause of action accrued.") See also, *Smith v. McClammy,* 740 F.2d 925, 927 (11th Cir.1984) (citations omitted); see also, *Doyle v. University of Alabama in Birmingham,* 680 F.2d 1323, 1325 (11th Cir.1982).[8]

Because the EEOC had no jurisdiction over the alleged violation of Plaintiff's constitutional rights under Section 1983, the Court finds that Plaintiff's filing of charges with the EEOC cannot serve as an extrajudicial claim capable of tolling the limitations period of her Section 1983 claims. That, even in the case the Section 1983 claims arose from the same events which gave rise to the administrative complaint, and even if the basis of the Section 1983 claim may be a Title VII claim. Since the effect of such filing would have exclusively served to toll the employment discrimination claims, the cause of action under 42 U.S.C. § 1983 is therefore barred by the applicable statute of limitations. Because the suit was filed more than a year after Plaintiff's discharge (i.e., last discriminatory act that took place), the suit was untimely. Plaintiff's Section 1983 claims against all Defendants are thus **DISMISSED.**

## IV. CONCLUSION

As to Co–Defendant Jirau–Toledo, the Court concludes that Title VII does not provide for the imposition ·of individual liability and, because this matter has not been decided by the First Circuit Court of Appeals, nor the Supreme Court, we follow the majority of circuits' holdings that no personal liability can attach to agents and supervisors under Title VII. *Mejias Miranda v. BBII Acquisition Corp.,* 120 F.Supp.2d at 171. Therefore, Plaintiff's liability claim, under Title VII, against Co–Defendant Jirau–Toledo, in his personal capacity, and against his conjugal partnership is **DISMISSED WITH PREJUDICE.**

Since Plaintiff's Section 1983 cause of action started to accrue on September 29, 1999, hence expiring on September 30, 2000, and the instant suit was not brought until well after one year on May 7, 2001, the Court hereby also **DISMISSES** said claim **WITH PREJUDICE,** against all Defendants, as barred by the one-year statute of limitations.

Wherefore, Co–Defendant's, Wilfredo Jirau–Toledo's, in his personal capacity, Motion for Judgment on the Pleadings

---

8. See *Leon–Nogueras,* 964 F.Supp. at 588 ("This decision parallels the one reached by the U.S. Supreme Court in *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), 'holding that the filing of an E.E.O.C. charge for violations of Title VII does not toll the running of the statute of limitations for a cause of action under 42 U.S.C. § 1981 arising out of the same facts as the charge'."); see also, *Matos Molero v. Roche Products, Inc.,* 1993 WL 839826, 132 P.R.Dec. at 486–487, and, *Secretario Del Trabajo Y Recursos Humanos v. Finetex Hosiery Co.,* 1986 WL 376826, 116 P.R.Dec. 823 (1986), standing for the proposition that the only claims that are tolled by an EEOC filing are those brought under employment discrimination laws.

(Docket No. 36), is hereby **GRANTED.**[9]

**IT IS SO ORDERED.**

---

**9.** Having only dismissed Plaintiff's Title VII claims against Co–Defendant Jirau–Toledo, in his personal capacity, and against his conjugal partnership, and Section 1983 claims, the Court will not enter partial judgment at this time. The case continues with respect to the Public Building Authority, as Plaintiff's employer. The Court however must refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *See Nichols v. Cadle Co.,* 101 F.3d 1448, 1449 (1st Cir.1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas–Green v. Casaine,* 906 F.2d 18, 21 (1st Cir.1990) ("This final judgment rule ... furthers 'the strong congressional policy against piecemeal review.'" *Id.* (*quoting In re Continental Investment Corp.,* 637 F.2d 1, 3 (1st Cir.1980)); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority,* 888 F.2d 180, 183 (1st Cir.1989); *Consolidated Rail Corp. v. Fore River Ry. Co.,* 861 F.2d 322, 325 (1st Cir. 1988); *Spiegel v. Trustees of Tufts Coll.,* 843 F.2d 38, 43 (1st Cir.1988); *Santa Maria v. Owens–Ill., Inc.,* 808 F.2d 848, 854 (1st Cir. 1986)); *see also United States v. Nixon,* 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).