Francis I. REDMAN et al.,
Plaintiffs-Appellants,

v.

A. Frances WARRENER, etc., et al.,
Defendants-Appellees.

Francis I. REDMAN et al.,
Plaintiffs-Appellees,

v.

A. Frances WARRENER, etc., et al.,
Defendants-Appellants.

Nos. 75–1047, 75–1069.

United States Court of Appeals,
First Circuit.

Argued April 19, 1975.

Decided May 14, 1975.

Orlando Rodio, Providence, R. I., for Francis I. Redman and others.

Girard R. Visconti, Providence, R. I., for A. Frances Warrener and others.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Redman and Shillinsky are non-union sheet metal workers who brought suit against the administratrix and trustees of the pension plan of a local of the Sheet Metal Workers' Union under the Welfare and Pension Plans Disclosure Act, 29 U.S.C. § 301 et seq., alleging that defendants had failed, after a written request, to supply them with copies of the description of the plan and a summary of the latest annual report. On cross motions for summary judgment the district court found for plaintiffs, but awarded only nominal damages, and $500 attorney's fees.

The Act requires both publication of the "description of the plan and the latest annual report", *id.* § 307(a), and that upon written request the administrator of a plan deliver to any participant a copy of the description and report, § 307(a)(2). The Act further provides that the district court in its discretion may impose damages of $50.00 per day upon an administrator who "fails or refuses" to honor a written request within 30 days, § 308(b), and the court may, in its discretion "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action", § 308(c).

The district court determined that plaintiffs had made a proper written request for copies of the description of the plan and that defendants had failed for at least eight months thereafter to comply with the statutory requirement that copies of the description of the plan and the latest annual report be delivered to appellants. Since defendants did promptly offer to make copies of the relevant documents available to appellants at the offices of the pension plan for inspection there, and since plaintiffs made no allegation that they had been prejudiced by failure to comply with the precise requirements of the Act, the district court found defendants to have acted in good faith and to have committed only a technical violation of the Act. In this context the court deemed it inappropriate to impose the penalties permitted by the Act beyond the $500 fee award.

Plaintiffs argue that defendants, in failing to comply with the Act and then strenuously defending against this suit, exhibited bad faith warranting the impo-

sition of both the criminal sanctions provided by the Act, § 308(a), and the $50.00 per day damages provided in § 308(b). At least, plaintiffs assert, the court should have awarded attorney's fees commensurate with the time expended by their attorney.

■■■ We think the court exceeded its discretion under the Act in reaching the result it did on the record before it. We do not disagree with its choice of guiding legal standards, including appraisal of defendants' good faith,[1] in determining whether to impose the discretionary penalty and additional attorney's fees. But the court could not conclude from an inconclusive summary judgment record, as it did, that "defendants' refusal to mail the requested documents to plaintiffs was premised on a good faith, although mistaken, interpretation of the statutory requirements of 29 U.S.C. § 307(a)(2)." The evidence on good or bad faith was conflicting, and should have been resolved by means of an evidentiary hearing.

It is undisputed that defendants twice turned down written requests for the documents. When first refusing, the Administratrix wrote that she had brought the matter to the attention of the trustees and "it was the feeling of all trustees that according to law as a participant of the fund you are entitled to review the copy of the Pension Plan but not entitled to receive such a copy." This response, at odds with defendants' more recent claim that plaintiffs were not pension plan "participants", shows no hesitancy to profess a knowledge of the law that was totally incorrect. The court's finding of a "good faith, although mistaken, interpretation", suggesting as

---

1. The House Committee on Education and Labor, the key committee with respect to drafting the civil penalty provisions, stated in its report,

"It is the intention of the committee that no fine or penalty provided for under this act, whether civil or criminal, shall be imposed except for deliberate defiance or persistent refusal in bad faith to comply with a clear obligation imposed by the provisions of this act."

H.R. Rep. No. 2283, 85th Con., 2d Sess., 1958 U.S. Code Cong. & Admin. News at 4190. Besides the defendants' good or bad faith, courts—as did the district court—have looked at the presence or absence of abuses Congress sought to guard against and of injury to plaintiff. *See* Harrold v. Coble, 261 F.Supp. 29 (M.D.N.C.1966), aff'd, 380 F.2d 18 (4th Cir. 1967); Phillips v. Unity Welfare Assoc., Inc., 359 F.Supp. 1147 (E.D.Mo.1973).

it does a misreading of an ambiguous statute, is in the face of the statute's unambiguous, completely intelligible directive, and of the fact that the misconstruction was by fiduciaries whose duties required, or so we imagine, regular reference to the statute.

■ This is not to say that there may not be a valid explanation for defendants' conduct showing that it was neither willful nor defiant. (Nor do we say that a court could under no circumstances remit the $50 penalty even if conduct were found to be willful.) Defendants filed an affidavit in conjunction with their own summary judgment motion asserting good faith and lack of knowledge that plaintiffs were entitled to plan information. We say only that the facts of the violation itself sufficiently call into account defendants' good faith to have raised a triable issue. Summary judgment is not to be turned into a trial by affidavit.[2] Gutor International AG v. Raymond Packer Co., 493 F.2d 938, 944 (1st Cir. 1974). Before the question of a penalty and the assessment of fees can be properly decided, defendants' refusal to follow the statute calls for an airing at a judicial hearing where credibility can be assessed. We therefore vacate and remand to the district court for such a hearing.

So far we have addressed ourselves to plaintiffs' appeal from the summary judgment rendered in their favor. Defendants also appeal "conditionally" from the judgment denying their own motion for summary judgment. For reasons already expressed, judgment should not be summarily awarded in favor of defendants. We therefore affirm. Defendants raise, however, a number of factual and legal issues, such as whether plaintiffs were "participants" in the pension plan. We leave to the district court on remand to what extent this and possibly other issues (beyond good faith)

should be opened up in the interest of a complete and just resolution.

Reversed and remanded for proceedings consistent herewith. No. 75–1069 is affirmed. No costs at this time.

---

2. Both parties, in seeking summary judgment, alleged the absence of any factual issue, perhaps leading the court to treat the case as if submitted upon an agreed record. But given the inconclusiveness of the record before the court on the issue of good faith, we see no satisfactory basis for it to have exercised its discretion concerning the statutory penalties and fees.