Nydia ARROYO RODRIGUEZ,
Plaintiff,

v.

ECONO SUPERMARKET INC., ABC
Insurance Company, Jaime Huertas
and Jane Doe and the Conjugal Part-
nership Constituted by Them Defen-
dants.

No. CIV. 00–1602(PG).

United States District Court,
D. Puerto Rico.

May 15, 2002.

Idalia M. Diaz–Pedrosa, Moreda & Moreda, Federico R. Ducoudray–Acevedo, Juan Hernandez Rivera & Assoc., San Juan, PR, for Nydia Arroyo–Rodriguez, plaintiffs.

Lidia Gonzalez–Figueroa, Annette M. Nogueras–Castro, Munoz Boneta Gonzalez Arbona, Benitez & Peral, Carl E. Schuster, Mariela Rexach, Schuster Usera Aguilo & Santiago, San Juan, PR, Jaime Huertas, Pro se, Florida, PR, Guillermo J. Ramos–Luina, San Juan, PR, for Econo Supermarket, Inc., ABC Insurance Co., Jaime Huertas, Jane Doe 00CV1602, C/P Huertas–Doe, Federal Insurance Company, defendants.

### OPINION AND ORDER

JUAN M. PEREZ–GIMENEZ, District Judge.

### I. INTRODUCTION

Before the Court are two motions for summary judgment, one filed by Co–Defendant Jaime Huertas ("Huertas") (Dkt. No. 74) and one by Plaintiff Nydia Arroyo Rodríguez ("Plaintiff") (Dkt. No. 97). Also before this Court is a Motion to Dismiss filed by Co–Defendant Econo Supermarket, Inc. ("Econo") (Dkt. No. 83).

This Court had initially granted Huertas' Motion for Summary Judgment (Dkt. No. 74) and had dismissed Plaintiff's claims against Huertas, his wife, and the conjugal partnership constituted by them (See Dkt. No. 112). However, recent developments in the local courts of Puerto Rico led this Court to reexamine its decision pursuant to a Motion for Reconsideration (Dkt. No. 115) filed by Plaintiff and reinstate only the claims against Huertas brought under local Law 17, 29 P.R. Laws Ann. § 155 et seq. (1995) ("Law 17"). (See Dkt. No. 136). The Court will then reconsider Huertas' Motion for Summary Judgment insofar as it requests dismissal of the Law 17 claim against him. Plaintiff has filed an opposition (Dkt. No. 97), to which Huertas filed a Reply (Dkt. No. 111), and Plaintiff then filed a Sur–Reply (Dkt. No. 137).

Along with its opposition to Huertas' Motion for Summary Judgment, Plaintiff filed its own Cross–Motion for Summary Judgment (Dkt. No. 97) against both Defendants to which Econo has filed an opposition (Dkt. No. 118).

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was hired for a temporary position as secretary/office clerk on or about January 18, 1999, to work at Econo's Central Offices. José Candelario ("Candelario"), Operations Manager at those offices, interviewed and hired Plaintiff and was her direct supervisor. It is uncontested by

the parties that Co–Defendant Huertas was the Secretary of the Board of Directors of Econo and that he visited Econo's Central Offices at least once a week for the Board of Director's weekly meetings. Plaintiff alleges that Huertas' recurrently subjected her to sexual harassment between January 1999 until late June of that same year.

On June 30, 1999, Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") and the Puerto Rico Department of Labor Antidiscrimination Unit ("ADU"). On January 14, 2000, she requested a right to sue letter from the ADU and the EEOC, and two were issued on February 17, 2000 and March 22, 2000, respectively. Plaintiff timely filed her complaint on May 16, 2000.

We begin by reviewing *de novo* Huertas' Motion for Summary Judgment asking the Court to dismiss the final pending claims against him.

### III. SUMMARY JUDGMENT STANDARD

Summary Judgment is "a means of avoiding full-dress trials in unwinnable cases..." *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991). Granting summary judgment is appropriate when "there is no issue of material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Sheinkopf v. Stone,* 927 F.2d 1259, 1261 (1st Cir.1991); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue is one that is dispositive and must be resolved at trial because a reasonable jury could resolve in favor of the non-moving party. *Arvelo v. American International Insurance Co.,* 875 F.Supp. 95, 99 (D.P.R. 1995).

To defeat a motion for summary judgment, the non-moving party must set forth specific facts in proper evidentiary form substantiating that a genuine factual issue exists for trial. *Lopez–Carrasquillo v. Rubianes,* 230 F.3d 409 (1st Cir.2000); *Moreau v. Local 247,* 851 F.2d 516, 518 (1st Cir.1988) (stating that "[t]he [party opposing summary judgment] may not merely rest on the pleadings and arguments, but must set forth specific facts showing a genuine issue about a material fact"); *see also Medina–Munoz v. R.J Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990); *Morris v. Government Dev. Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994). "Conclusory allegations, improbable inferences, and unsupported speculation are not enough to defeat a motion for summary judgment". *Morris,* 27 F.3d. at 748. When analyzing whether to grant a motion for summary judgment the court must look at the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor. *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990); *see also, Maldonado–Denis v. Castillo-Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994); *Laracuente v. Chase Manhattan Bank,* 891 F.2d 17, 21 (1st Cir.1989).

Moreover, "[s]ummary judgment procedures should be used sparingly... where the issues of motive and intent play leading roles... It is only when the witnesses are present and subject to cross-examination that their credibility and weight to be given their testimony can be appraised. Trial by affidavit [or deposition testimony] is no substitute for trial by jury which so long has been the hallmark of 'even justice' ". *Poller v. Columbia Broad. Sys.,* 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *cf. Pullman–Standard v. Swint,* 456 U.S. 273, 288–90, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) (discriminatory intent is a factual matter for the trier of fact); *see also William Coll v. P.B. Diag-*

*nostic Sys., Inc.,* 50 F.3d 1115, 1121 (1st Cir.1988); *Lipsett v. University of Puerto Rico.,* 864 F.2d 881, 895 (1st Cir.1988). "Determinations of motive and intent, particularly in discrimination cases, are questions better suited for the jury". *Dominguez–Cruz v. Suttle Caribe, Inc.,* 202 F.3d 424, 433 (1st Cir.2000). However, "even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences and unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.,* 95 F.3d 86, 95 (1st Cir.1996); *see also Lipsett,* 864 F.2d at 895.

"Cross motions for summary judgment neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment per se." *Wightman v. Springfield Terminal Ry. Co.,* 100 F.3d 228, 230 (1st Cir.1996); *see also Wiley v. American Greetings Corp.,* 762 F.2d 139, 141 (1st Cir.1985). "Cross motions simply require us to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." *Id.*

> Cross-motions for summary judgment are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist. If any such issue exists it must be disposed of by a plenary trial and not on summary judgment. *See Rains v. Cascade Industries, Inc.,* 402 F.2d 241, 245 (3d Cir.1968); *see also Redman v. Warrener,* 516 F.2d 766, 768 & n. 2 (1st Cir.1975); 6 J.

MOORE, MOORE'S FEDERAL PRACTICE ¶ 56.13 (2d ed. 1981) ("The well-settled rule is that cross-motions for summary judgment do not warrant the court in granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely disputed.") (footnotes omitted).

*Wiley,* 762 F.2d at 140–41.

With these standards in mind we review the pending dispositive motions.

## IV. INDIVIDUAL DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This Court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over a claim under the laws of Puerto Rico, and we now proceed to consider the Law 17 claim against Co–Defendant Huertas, his wife, and the conjugal partnership constituted between them. *See Rodriguez v. Doral Mortg. Corp.,* 57 F.3d 1168, 1176 (1st Cir.1995) (a sexual harassment claim brought "pursuant to state law falls within the district court's supplemental jurisdiction when, as now, the court's original jurisdiction derives from the assertion of a Title VII claim arising out of the same facts.")[1]

### A. SUMMARY OF ARGUMENTS

Co–Defendant Huertas argues that he cannot be held liable under Law 17 because, as Secretary of the Board of Directors of Econo, he is not Plaintiff's "employer." More specifically he sustains that he is not an employer or supervisor as defined by Law 17, and that he is not Econo's agent either. Pursuant to a decision of the U.S. Supreme Court, Huertas

---

1. All other claims against Huertas, including the Title VII claims, remain dismissed.

also argues in his defense that were the Court to find that he was an employer as defined under Law 17, Plaintiff's claims still fail because she did not take advantage of Econo's anti-sexual harassment policy, which he alleges is in compliance with the requirements under of Section 10 of Law 17.[2] *See Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (establishing affirmative defense that can be raised by an employer in cases where no tangible employment action is taken).

Plaintiff argues in her opposition that it has never been her contention that Huertas was her supervisor but that instead, he was her co-worker.[3] She maintains that as her co-worker, Huertas is not entitled to raise the *Faragher* affirmative defense because it does not apply to co-worker, as opposed to supervisor, harassment cases. *See Curry v. Dist. of Columbia,* 195 F.3d 654, 659 (D.C.Cir.1999) ("Every circuit that has addressed co-worker harassment in the 'post-*Faragher* era' has distinguished the standard applicable to co-worker harassment from that governing harass-

ment by a supervisor, applying to the former a variation of the negligence standard the circuit had applied pre-*Faragher*.").[4]

█ Plaintiff also cites to a decision of the Supreme Court of Puerto Rico which held in relevant part that Law 17's definition of "employer" expands to include supervisors, officers, administrators, and agents of a corporation, and that these can be sued in their personal and individual capacity for their own acts of sexual harassment. *See Rosario Toledo et al. v. Distribuidora Kikuet, Inc. et al.,* Case No. CC–1998–0388, —— D.P.R. ——, 2000 WL 943550, *3–6 (P.R. Dec. Jun. 29, 2000).

In its reply, Huertas argues that Plaintiff's opposition fails to establish Huertas was an employer or agent of Econo, defining agent therein as "someone with such absolute authority to make decisions on behalf of the corporation to, in effect, become its alter ego." (Dkt. No. 111 at p. 3). Huertas further argues that if Plaintiff maintains Huertas was her co-worker, then he clearly cannot be considered an "employer" as that term is defined under

---

**2.** Section 10 of Law 17 establishes an employer's obligations regarding sexual harassment in the workplace. There are four main requirements: the employer must 1) express a strong policy against sexual harassment; 2) make the prohibition of sexual harassment known; 3) give publicity to job applicants regarding their right to be free from harassment; and 4) establish an effective internal procedure for handling complaints. 29 P.R. Laws Ann. § 155i; *see also Landrau Romero v. Caribbean Restaurants, Inc.,* 14 F.Supp.2d 185, 193 (D.P.R.1998).

**3.** Plaintiff's opposition motion is a response to Huertas' summary judgment *and* a cross-motion for summary judgment. The arguments made in the motion are predominantly in support of Plaintiff's cross-motion for summary judgment against both Defendants and at the end of her memorandum of law she briefly responds to Huertas's arguments for summary judgment in his favor.

**4.** Under Law 17, where the alleged harasser is a co-worker the employer's liability is examined under a negligence standard. Section 6 of Law 17 establishes that an employer can be held liable "if the employer or his agents or his supervisors knew or should have known of such conduct and did not take immediate and adequate action to correct the situation." P.R. Laws Ann., tit. 29 § 155e. The EEOC has clarified that:

> Although the affirmative defense does not apply in cases of harassment by co-workers or non-employees, an employer cannot claim lack of knowledge as a defense to such harassment if it did not make clear to employees that they can bring such misconduct to the attention of management and that such complaints will be addressed.

EEOC Enforcement Guidelines, *Vicarious Liability for Unlawful Harassment by Supervisors,* n. 58, (June 18, 1999), *available at* http://www.eeoc.gov/docs/harassment.html.

Law 17, and that moreover, Plaintiff has failed to satisfy the elements necessary to hold Huertas liable as a co-worker.[5]

### B. DISCUSSION

As a natural person, Huertas could potentially be sued in his official capacity, and in his individual and personal capacity under Law 17. A plain reading of the definition of "employer" provided in Law 17 suggests that Huertas could be sued in his *official capacity* if he was a supervisor or an agent at Econo. Section 2(2) of the Act defines an "employer" as:

> Any natural or juridical person of any kind, the Government of the Commonwealth of Puerto Rico, including each of its three Branches and its instrumentalities or public corporations, municipal governments and any of its municipal instrumentalities or corporations which employ persons for any kind of compensation, for profit or nonprofit purposes, *and their agents and supervisors.*
>
> 29 P.R. Laws Ann. § 155a (emphasis added).

For the following reasons, we do not and need not decide the issue of whether in light of the *Rosario Toledo* decision Plaintiff brings up in her opposition papers, Huertas could in fact be sued in his official capacity pursuant to the definition of employer set out above, as well as his individual and personal capacity pursuant to *Rosario Toledo*. First, by the parties own admission, Huertas was not a supervisor at Econo. (*See* Pl. Opp. Memo at 25). Second, as will be explained in more detail below, we find that Huertas was not Econo's agent either. Moreover, the local courts of Puerto Rico are better suited to decide issues that deal exclusively with the local laws of the Commonwealth of Puerto Rico. *See Mejias Miranda v. BBII Acqui-* *sition Corp.,* 120 F.Supp.2d 157, 172 (D.P.R.2000) (federal court refused to trailblaze causes of actions that should be considered by the Supreme Court of Puerto Rico). Finally, we note that a similar inquiry has been raised in this district with regards to the definition of "employer" under Title VII, 42 U.S.C. §§ 2000e(b), which includes the employer's "agents." *Acevedo Vargas v. Colón,* 2 F.Supp.2d 203, 206 (D.P.R.1998). Some courts have noted that Title VII's definition of employer "is not a vehicle to impute liability upon said agent, but a means to incorporate respondeat superior liability into the law." *Id.; see also Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir.1993); *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1314 (2nd Cir. 1995) ("there is a noticeable absence of any mention of agent liability in the floor debates over §§ 2000e(b)".)

Pursuant to the *Rosario Toledo* decision, which contrary to Huertas' consistent proposition, is applicable to the instant case, Huertas could be sued in his *individual and personal capacity* if he was a supervisor, officer, administrator, or agent at Econo. 2000 WL 943550, at *3–6.

■ Huertas was a member of Econo's Board of Directors, and as such, he was designated as Secretary of the Corporation. Econo's Regulations (or bylaws) mandate that "[t]he stockholders themselves will be the ones, who in an annual meeting held and after electing the Board of Directors, who will choose the officers of the corporation from among the same." (Dkt. 86, Ex. 2 at 14–15). In general, the Board of Directors "will be the governing group of the Corporation," "responsible for the immediate administration of the Corporation." (Dkt. 86, Ex. 2 at 9). The Board of Directors holds ordinary meetings every week and extraordinary meet-

---

5. *See* Footnote 4.

ings as these become necessary. (Dkt. 86, Ex. 2 at 12). Huertas' duties, as described in Econo's Regulations, were to (1) "sign stock certificate's issued by the Corporation, as well as the minutes of the meetings that the Board of Director holds" (Dkt. 86, Ex. 2 at 14–15); (2) "notify the Directors of the date, time and place of any extraordinary meeting" (Dkt. 86, Ex. 2 at 12); (3) "prepare all of the minutes of the Board of Director's meetings and the minutes of the stockholders' meetings" (Dkt. 86, Ex. 2 at 16); (4) "give and send all pertinent notices" (Dkt. 86, Ex. 2 at 16); (5) "will have under his custody and charge all the books and documents that are placed in his possession by the Board of Directors or by the Chairman, . . . ;" (Dkt. 86, Ex. 2 at 16) and (6) "[i]n general, [the Secretary of the Corporation] will have all the duties that regularly are inherent to his position and will have all the powers and faculties granted by the Board of Directors and by the Stockholders' Meeting." (Dkt. 86, Ex. 2 at 16).

With this in mind, we discuss the issue of whether Huertas was a supervisor, officer, administrator, or agent at Econo, and thus can be sued in his individual and personal capacity under Law 17. Plaintiff concedes that Huertas is not her supervisor, and we find that neither was he a supervisor at Econo. Therefore, he cannot be sued as such under Law 17. In their motions, neither party addresses whether or not Huertas is an officer or administrator of Econo. In her opposition, Plaintiff merely claims that he was her co-worker, later trying to argue in her Sur–Reply that Huertas was Econo's agent.

The issue of whether Huertas was an officer at Econo came up during recent oral arguments called by the Court on the motions here at issue and held on Monday, May 6, 2002. (*See* Dkt. 178). Plaintiff argued that under the local laws of Puerto Rico, Huertas was an officer at Econo. Huertas neglected to discuss the *Rosario Toledo* expansion of liability to officers in their personal and individual capacity sustaining that the holding in that case applied only to claims brought under 29 P.R. Laws Ann. § 1322 *et seq.* (1985) ("Law 69") and 29 P.R. Laws Ann. § 151 *et seq.* (1959) ("Law 100"). We disagree with Huertas for a plain reading of the Supreme Court of Puerto Rico's opinion in *Rosario Toledo* reveals that the Court intended its holding to apply to cases brought under all three laws, Law 100, Law 69, *and* Law 17. Nevertheless, we find that even though technically Huertas qualified as an officer under the laws of Puerto Rico applicable to private corporations codified at Title 14 of the Laws of Puerto Rico Annotated, he had no administrative and/or managerial duties at Econo, nor did he have sufficient authority over the company's employees to be considered an officer who "employs persons" for the purposes of imputing him liability under the definition of employer of Law 17. Moreover, Huertas' position must be distinguished from the alleged harasser's position in *Rosario Toledo*. Unlike here, the alleged harasser in that case, Enrique Mangual Flores, was President, principal owner and principal stockholder of the corporation, Distribuidora Kikuet, Inc. *See Rosario Toledo*, 2000 WL 943550, at *1. Based on the description of Huertas' duties and on a close examination of the record, including depositions taken where the deponents described Huertas' role in Econo, we conclude that Huertas was not an officer at Econo.

The issue of whether Huertas was an administrator at Econo was not raised in oral arguments and since neither party has ever alleged that Huertas was an administrator at Econo and an examination of the record reveals he was not, we find he can not be held liable as such under Law 17.

■ The parties do discuss in their motions the possibility of Huertas being an agent of Econo. Huertas argues that he is not Econo's agent under the definition of "agent" provided in the Joint Report prepared by several legislative committees of the House of Representatives dated March 23, 1988, 10th Legis., 4th Sess. (*See* Dkt. 74 at 9). The definition of "agent" provided therein essentially suggests that an agent is a company's alter-ego or proxy who can act on behalf of the corporation. Nothing in Econo's Regulations gives Huertas such authority. In *Faragher*, the U.S. Supreme Court indicated that "the president of a corporate employer,... was indisputably within that class of an employer organization's officials who may be treated as the organization's proxy." 524 U.S. at 789, 118 S.Ct. 2275. In this case, the propriety of treating Huertas as Econo's proxy is not so apparent.

Plaintiff suggests in her Sur–Reply that Huertas indeed was Econo's alter-ego because as a member of the Board of Directors he had control over every aspect of the company, and moreover, he had influence and power over Plaintiff's employment at Econo. Plaintiff cites to the case *Canabal v. Aramark Corp.*, 48 F.Supp.2d 94 (D.P.R.1999) to support her proposition. We distinguish the instant case from *Canabal* because in that case, the Court's discussion focused on imputing liability *under Title VII* to an individual who Plaintiff alleged was the company's alter-ego or proxy. 48 F.Supp.2d at 97–98. Here, on the other hand, Huertas is being sued in his individual and personal capacity allegedly as an agent of Econo. Nevertheless, because the inquiry is extremely similar and the ultimate question is whether the individual actor was the company's alter-ego or proxy, we examine the factors established by the Court in *Canabal* to determine whether a natural person is a corporation's alter-ego.

■ The Court noted that the following factors should be taken into account in deciding whether to hold an individual liable as alter-ego of a corporation: (1) whether the role of the individual was identical to that of the employer; (2) the individual's position in the corporation; (3) whether the individual was always physically there; (4) the individual's control over the employing entity; (5) the individual's decision-making power; and (6) whether the individual left any avenue for employees to object to his conduct. *Id.* The ultimate question, according to the Court in *Canabal*, is whether Huertas "was" Econo, that is, whether Huertas was identical to the employer.

We need not examine each of these factors separately for it is clear that using the same test set out by Plaintiff in her Sur–Reply, which the Court in *Canabal* borrows from the Eastern District of New York, nothing in the record suggests that a) Huertas exercised "such dominion and control with respect to the transaction attacked that the corporation had no separate will of its own," or that b) Huertas used his "domination and control... to commit a ... wrong against the Plaintiff which proximately caused the Plaintiff's injuries." *Canabal*, 48 F.Supp.2d at 98 (*quoting Lane v. Maryhaven Center of Hope*, 944 F.Supp. 158, 163 (E.D.N.Y. 1996)).

Therefore, we conclude Huertas is not an "employer" as that term is defined in Law 17 and neither is he an "employer" under the expanded definition set out by the Supreme Court of Puerto Rico in *Rosario Toledo* which extends personal and individual liability to supervisors, officers, administrators, and agents. Accordingly, Plaintiff's claims against Huertas under Law 17 fail and Huertas' Motion for Summary Judgment is hereby GRANTED.

Plaintiff's claims under Law 17 against him are hereby DISMISSED WITH PREJUDICE.

Since we conclude that Huertas cannot be sued under Law 17 because he does not qualify as an "employer" either as defined therein nor under the expanded definition in the *Rosario Toledo* opinion, we do not reach a decision with regards to the reach of the *Faragher/Burlington* affirmative defense to (a) cases brought pursuant to Law 17, or to (b) natural persons sued in their individual and personal capacity, both which were inquiries the parties were asked to argue at the oral arguments held on Monday, May 6, 2002 (*See* Dkt. 178).

### C. PLAINTIFF'S CLAIMS AGAINST HUERTAS' WIFE AND THE CONJUGAL PARTNERSHIP CONSTITUTED BY THEM

■ Plaintiff's claim under Law 17 is brought against Co–Defendant Huertas' wife and the conjugal partnership constituted by them. In *Rosario Toledo* the Court held that under the three Puerto Rico antidiscrimination statutes, Law 17, Law 100, and Law 69, a conjugal partnership cannot be held liable for the sexually harassing conduct of one of the spouses. 2000 WL 943550, at *6. Therefore, Plaintiff's claims against Huertas' wife and the conjugal partnership constituted by them are hereby **DISMISSED**.

### V. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

■ In her Cross–Motion for Summary Judgment Plaintiff argues that she should prevail against Huertas and Econo because she has sufficient evidence to establish a prima facie case of sexual harassment for both the *quid pro quo* and hostile work environment causes of action, and because Econo knew of the sexual misconduct and failed to take remedial action.

Huertas did not file an opposition. Econo responds by arguing that because there are numerous credibility issues and problems with the legitimacy of the evidence put forth by Plaintiff, there remain genuine issues of material fact which preclude summary judgment.

Upon reviewing the motions, the Court finds that Plaintiff has not established or even attempted to establish in proper evidentiary form why there is no genuine issue of material fact that should be decided at trial. In her Cross–Motion Plaintiff presents factual support for her *quid pro quo* and hostile work environment claims that is surrounded by vast credibility issues which simply cannot be decided at the summary judgment stage.

In fact, in her conclusion Plaintiff directs the Court's attention to a Supreme Court decision and cites the Court when its stated that:

> [T]he trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt."

*Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (*quoting Wright v. West*, 505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992)).

The Plaintiff then states that "[t]his has been portrayed by the facts in the instant case." (*See* Dkt. No. 97 at 38). While she could be right, the problem is that it has not been portrayed in front of the appropriate and only forum that can decide such credibility issues. Credibility determinations are the "jury's forte." *Markman v.*

*Westview Instruments Inc.*, 517 U.S. 370, 389, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996); *see also Hurtado v. Tucker*, 245 F.3d 7, 19 (1st Cir.2001).

The problem with credibility issues in this case is corroborated by the many accusations against Plaintiff made by Econo in its "Motion to Dismiss for Plaintiff's Fabrication of Evidence and Obstruction of Justice" (Dkt. No. 83), which this Court has held in abeyance pending conclusion of trial (Dkt.159). In it, Econo accuses Plaintiff of knowingly introducing false and contradicting evidence to support her harassment claims.

Examining the facts in light most favorable to Defendants we find that after making limited efforts to do so, Plaintiff has failed to show that there are no issues of material fact. Thus, Plaintiff's Cross–Motion for Summary Judgment is hereby **DENIED.** Econo's request for attorney's fees and costs in its opposition to that motion is likewise **DENIED.**

## VI. CONCLUSION

For the reasons set forth above, we find that Huertas' Motion for Summary Judgment (Docket No. 74) shall be **GRANTED.** All claims against Huertas, his wife and the conjugal partnership constituted by them are **DISMISSED with prejudice.** Plaintiff's Motion for Summary Judgment is **DENIED.**

SO ORDERED.