Mayling COTTO, et al., Plaintiffs

v.

CITIBANK, N.A., et al., Defendants

No. CIV. 02–1359(JP).

United States District Court,
D. Puerto Rico.

Feb. 12, 2003.

Nicolás Nogueras Cartagena, Esq., San Juan, for Plaintiff.

Beatriz M. Rodríguez Burgos, Esq., Fiddler, González & Rodríguez, San Juan, for Defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

### I. INTRODUCTION

Plaintiff Mayling Cotto brings this action for discrimination based on sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.[1] The Co–Defendants are Citibank, N.A., Vanessa González, the Director of Human Resources at Citibank at the time of Plaintiff's dismissal, and Xavier García, the current Human Resources Director at Citibank, Puerto Rico.

Co–Defendant Xavier García now moves to dismiss the claims against him, claiming that the complaint lacks factual allegations against him, that Plaintiff failed to exhaust her administrative remedies, and that there is no individual liability under Title

---

**1.** In 1978, Congress passed an amendment to Title VII called the "Pregnancy Discrimination Act," 42 U.S.C. § 2000e(k), which provides that Title VII's prohibition of discrimination "because of sex" includes discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes." Thus, discrimination based on pregnancy is included as a form of sex discrimination under Title VII.

VII (**docket No. 7**). This motion stands unopposed.

Co–Defendant Vanessa González now moves to dismiss the claims against her, claiming that the complaint lacks factual allegations against her, that Plaintiff failed to exhaust her administrative remedies, and that there is no individual liability under Title VII (**docket No. 18**). This motion stands unopposed.

The Court holds that the lack of individual liability alone under Title VII is sufficient grounds to dismiss the claims against Co–Defendants González and García. Accordingly, the Court **GRANTS** the Co–Defendants' motions to dismiss and **DISMISSES** all claims against them in the instant matter (**docket Nos. 7 and 18**).

## II. PLAINTIFFS' ALLEGATIONS

Plaintiff's allegations, which the Court admits as true for purposes of this motion, are as follows:

1. Plaintiff began working with Citibank on September 2, 1997, as an Internal Collection Adjuster.

2. In February 2000, Plaintiff was working in the Mortgage Division when she discovered she was pregnant and informed her immediate supervisor, Mr. Ismael Reyes, that she was pregnant.

3. Immediately afterwards, she was treated differently from her coworkers. For example, it was customary for one supervisor to monitor her calls, yet two began to monitor her calls. Also, Mr. Pérez, Supervisor of Vehicle Loans Collection, began to pass by her desk.

4. On February 7, 2000, Mr. Blas started shouting in front of Plaintiff's coworkers that she did not know how to work with an account and that Plaintiff "did it all wrong."

5. Plaintiff informed her immediate supervisor, Mr. Reyes, of this incident.

6. In retaliation, Mr. Blas began to evaluate in detail her work, handing in reports to Mr. Reyes detailing when she had "logged-out" of the computer system, stating that she had been late, and questioning the results of each of her accounts.

7. On February 14, 2000, Mrs. Deborah Babb also began to pass by Plaintiff's desk.

8. In one case, Plaintiff was looking at her eye in a mirror because it was bothering her. Ms. Babb passed by and asked if the computer system was working and why Plaintiff was looking at the mirror.

9. On February 21, 2000, Plaintiff was informed that the vehicle collections division would be transferred to Mexico, that she was one of the first groups of employees to be fired, and that her department would be working with a "skeleton crew".

10. On April 12, 2000, Carmen Orengo began interviewing temporary personnel from Professional Research to occupy positions in the collection division, and, on April 18, another set of interviews for temporary personnel took place in front of Plaintiff's desk.

11. During the month of April, Mr. Harry Rodríguez sent out a memo describing organizational changes. It stated that the Department of Inside Collections would not be moved to Mexico, but would simply be renamed "risk control". In the memo, Mr. Rodríguez detailed the duties of the new unit, which were identical to those of the Inside Collection department. The memo listed 80 temporary personnel, but

Plaintiff was not listed as one of the employees.

12. Plaintiff requested to be transferred to another unit but was not granted a transfer. Many other employees requested transfers and were granted transfers.

13. At that moment, there were four pregnant women in the collections division; all but one was fired.

14. During this period, several employees from the collection division were transferred, including personnel that had worked less time in the company or had occupied temporary positions.

15. Plaintiff's pregnancy was the principle motivating factor in Defendant's decision to deny her a new position within the company, which ultimately resulted in her dismissal from the company.

16. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission charging Defendant Citibank, N.A., with discrimination based on gender.

17. On December 12, 2001, Plaintiff received notification of her right to sue from the Equal Employment Opportunity Commission.

## III. LEGAL STANDARD FOR A MOTION TO DISMISS

■ Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996) (citations omitted); *see also Berríos v. Bristol Myers Squibb Caribbean Corp.*, 51 F.Supp.2d 61 (D.Puerto Rico 1999) (Pieras, J.). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barceló v. Hernández–Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)). The Court, however, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States*, 144 F.3d 1, 2 (1st Cir.1998) (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir.1996)). It is with this framework in mind that the Court will assess the instant motion.

## IV. ANALYSIS

■ Co–Defendants Vanessa González, the Human Resources Director at the time of Plaintiff's dismissal, and Xavier García, the current Human Resources Director, have moved to dismiss the claims against them based on their alleged lack of individual liability under Title VII. The First Circuit Court of Appeals and the Supreme Court have yet to decide the issue of individual liability under Title VII. *See e.g. Serapión v. Martínez*, 119 F.3d 982, 992 (1st Cir.1997) (circuit has not resolved issue and declined to address it); *see also Scarfo v. Cabletron Systems, Inc.*, 54 F.3d 931, 951–952 (1st Cir.1995). The issue has created a split among other circuits, with the majority of circuits concluding that

individual liability does not exist under Title VII.[2] District courts within this Circuit have rendered conflicting opinions.[3]

The split in court opinions on the issue of individual liability is based on differing approaches to the statutory interpretation of Title VII. Courts that have held in favor of individual liability under Title VII tend to focus on the plain language of the statute itself. *See Paroline v. Unisys Corp.,* 879 F.2d 100, 103 (4th Cir.1989). The statute defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and *any agent of such person ..."* 42 U.S.C. § 2000e(b) (emphasis added). These courts view supervisors as "agents" of the employer and thus potentially liable under the statute.

Courts that have found a lack of individual liability under Title VII have taken a different approach, focusing on the overall language as well as the legislative history behind Title VII. *See Hernández v. Wangen,* 938 F.Supp. 1052, 1064 (D.Puerto Rico 1996) ("As it had with other civil rights statutes such as section 1981, Congress could have included individuals like supervisors as potential liable parties."); *Miller v. Maxwell's Int'l, Inc.,* 991 F.2d 583, 587 (9th Cir.1993) ("[T]he obvious purpose of this agent provision was to incorporate respondeat superior liability into the statute.").

This district has followed the majority of circuits, adopting the interpretive approach described above and holding that no personal liability can attach to agents and supervisors under Title VII. *See Maldonado–Cordero v. AT & T,* 73 F.Supp.2d 177, 183–84 (D. Puerto Rico 1999) (Pieras, J.); *Vizcarrondo v. Board of Trustees of University of Puerto Rico,* 139 F.Supp.2d 198, 205 (D.Puerto Rico 2001). Therefore, the Court **DISMISSES** Plaintiff's Title VII claims against Co–Defendants González and García **WITH PREJUDICE.**

■ Plaintiff has also brought causes of action against Co–Defendants González and García under Puerto Rico law. Because this is not a diversity case, the power of the federal court to hear and to determine state law claims depends on the presence of at least one "substantial" federal claim in the lawsuit. *Newman v. Burgin,* 930 F.2d 955, 963 (1st Cir.1991) citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Federal jurisdiction hinges on the Title VII claim in this case. Since "pendent" or "supplementary" claims consist of state matters over which Congress did not grant federal courts independent

**2.** The Second, Seventh, Ninth, Tenth, Eleventh, and District of Columbia Circuits have determined that supervisors could not be held personally liable under Title VII. *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313–17 (2d Cir. 1995); *Williams v. Banning,* 72 F.3d 552, 553–55 (7th Cir.1995); *Miller v. Maxwell's Int'l, Inc.,* 991 F.2d 583, 587–88 (9th Cir. 1993); *Haynes v. Williams,* 88 F.3d 898, 900–01 (10th Cir.1996); *Cross v. Alabama,* 49 F.3d 1490, 1504 (11th Cir.1995); *Gary v. Long,* 59 F.3d 1391, 1399 (D.C.Cir.1995). The Fourth Circuit, however, has permitted individual supervisors to be held liable in their personal capacities when a supervisor "exercises significant control over the plaintiff's hiring, firing, or conditions of employment." *Paroline v. Unisys Corp.,* 879 F.2d 100, 104 (4th Cir. 1989), rev'd in part, aff'd in relevant part, 900 F.2d 27 (4th Cir.1990) (en banc).

**3.** Some district courts in the First Circuit have found individual liability under Title VII, *see Iacampo v. Hasbro, Inc.,* 929 F.Supp. 562, 571–72 (D.R.I.1996); *Weeks v. State of Maine,* 871 F.Supp. 515, 516–17 (D.Maine 1994); *Douglas v. Coca–Cola Bottling Co. of Northern New England, Inc.,* 855 F.Supp. 518–20 (D.N.H.1994) while others have rejected individual liability, *see Hernández v. Wangen,* 938 F.Supp. 1052, 1063–65 (D. Puerto Rico 1996); *Anonymous v. Legal Serv. Corp.,* 932 F.Supp. 49, 50–51 (D.Puerto Rico 1996).

jurisdiction, once the federal question issues are dismissed the Court may dismiss the entire case. *See Newman v. Burgin,* 930 F.2d at 964. Therefore, the Court hereby **DISMISSES WITHOUT PREJUDICE** the Plaintiff's claims against González and García arising under Puerto Rico law.

## V. CONCLUSION

The Court **GRANTS** Co–Defendant Xavier García's and Vanessa González's motions to dismiss (**docket Nos. 7 and 18**) and **DISMISSES WITH PREJUDICE** Plaintiff's claims under Title VII against Co–Defendants García and González. The Court also **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Co–Defendants García and González under Puerto Rico law.

IT IS SO ORDERED.