Melissa **TORRES RAMOS**, Julian Rivera, Plaintiffs

v.

**METRO GUARD SERVICE, INC., et al., Defendants**

**No. Civ. 04–2162(JP).**

United States District Court, D. Puerto Rico.

July 12, 2005.

Victor J. Casal–Vazquez, Casal Law Office, Jose G. Fagot–Diaz, Fagot Law Office, San Juan, PR, for Plaintiffs.

Homero Gonzalez–Lopez, Gonzalez Lopez & Lopez Adames Law Office, Joseph Fratallone–Marti, Esq., San Juan, PR, for Defendants.

## *OPINION AND ORDER*

PIERAS, Senior District Judge.

### I. INTRODUCTION

The Court has before it co-Defendant Metro Guard Services, Inc.'s "Motion to Dismiss as to co-Plaintiff Julián Rivera's Claims" (docket No. 15); co-Defendants Orlando Olmo and Rafael Figueroa's "Motion to Dismiss as to co-Defendants Orlando Olmo and Rafael Figueroa" (docket No. 16); co-Defendant Efraín Nieves' "Motion to Dismiss as to co-Defendant Efraín Nieves" (docket No. 18); and co-Defendant Amparo Mercado's "Motion to Dismiss Complaint Against co-Defendant Amparo Mercado" (docket No. 26); as well as Plaintiffs' oppositions (docket Nos. 22 and 28) to all the aforementioned motions.

Plaintiff Torres brings this suit for discrimination based on gender, sexual harassment/hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e(2)-e(3). Individual co-Defendants Olmo, Figueroa, Mercado, and Nieves are sued in their official capacity under Title VII, and Plaintiffs invoke the Court's supplemental jurisdiction in suing the individual co-Defendants in their personal capacities under the following Puerto Rico statutes and provisions: Law No. 379, 29 P.R. Laws Ann. §§ 271–299 (meal period violations); Law No. 95 of April 23, 2004 (violation of right to pump breast milk); Law No. 115, 29 P.R. Laws Ann. §§ 194(a)—(b) (workplace discrimination for sharing testimony); Law No. 100, 29 P.R. Laws Ann. § 146 (discrimination based on sex, pregnancy, maternity, and religion); Law No. 69, 29 P.R. Laws Ann. §§ 1321–1341 (gender-based discrimination); Law No. 3, 29 P.R. Laws Ann. §§ 469–473 (working mothers' protection); Law No. 17, 29 P.R. Laws Ann. §§ 155, 155(a)—(1) (sexual harassment); Puerto Rico's Constitution, Article II, Sections 1, 8, 16, 20; and Article 1802 of Puerto Rico's Civil Code, 31 P.R. Laws Ann. § 5141 (torts).

For the reasons stated hereinbelow, the Court hereby **GRANTS** the motions to dismiss filed by co-Defendants Olmo, Figueroa, Mercado, and Nieves (docket Nos. 16, 18, and 26), and **GRANTS IN PART AND DENIES IN PART** co-Defendant Metro Guard Services, Inc.'s motion to dismiss (docket No. 15).

### II. LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, a "court may dismiss a complaint only if it is

clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002). Moreover, according to the First Circuit, the Court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992). In addition, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano De Medicina Avanzada*, 355 F.3d 1, 5 (1st Cir.2004). Finally, under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III. FACTUAL ALLEGATIONS

Plaintiff Melissa Torres, an employee of co-Defendant Metro Guard Services, Inc. ("MGS"), brings this complaint under Title VII and several Puerto Rico laws. She alleges that Defendants discriminated against her due to her gender and her condition as a pregnant woman, and further contends that she was repeatedly sexually harassed by her immediate supervisor, Amparo Mercado, thereby creating a hostile work environment.

Plaintiff Torres began working for Defendant MGS on February 20, 2002, as a security guard, a position classified as nonexempt. In May of 2002, Plaintiff Torres informed Defendant MGS of her pregnancy; shortly thereafter, she was dismissed. Plaintiff Torres filed a grievance to the Department of Labor, after which she was reinstated by MGS, but at a lower salary. Plaintiff Torres alleges that her salary was lowered in retaliation for filing her grievance.

Plaintiff Torres further alleges that after her reinstatement, co-Defendant Amparo Mercado ("Mercado"), her immediate supervisor, created a sexually charged and abusive hostile working environment by repeatedly commenting that he "was in love with her;" that "she was a great female;" that "she had the most beautiful legs in the world;" "You are my queen;" "You are my love, my heaven;" "Your breasts are enormous." Mercado also allegedly gave Plaintiff a handwritten card while she was pregnant, stating that he was "obsessed with her legs and other parts of her body."

Plaintiff Torres alleges that Mercado went so far as to sexually assault her by caressing her legs and stomach without her consent. Torres found such comments and behavior unwelcome, opposed such conduct and complained to co-Defendant Rafael Figueroa ("Figueroa"), MGS's Director of Operations and Mercado's immediate supervisor. Plaintiff claims that Figueroa indicated that her complaint was a personnel matter to be resolved by co-Defendant Efraín Nieves ("Nieves"), the Director of Human Resources at MGS. Plaintiff claims that Figueroa never referred her grievance to Nieves, and that no remedial action was taken by MGS to correct this hostile working environment.

On February 8, 2003, Torres left on maternity leave, and gave birth to a daughter on February 10, 2003. Upon Torres' return from her maternity leave on April 6, 2003, Mercado continued sexually harassing her. Plaintiff claims that MGS failed to provide an adequate place for her to pump her breast milk, forcing her to do it at the guardhouse at which she was stationed. Mercado allegedly sought out every opportunity to observe Torres pump

her breast milk at the guard house. Plaintiff claims that Mercado ordered that she inform him every time she was going to pump her breast milk so that he could then manually assist her during such process by fondling her breasts. Mercado allegedly stated that he wanted to taste her breast milk by suckling on her breasts as he if were her newborn child, and that he felt envious of Torres' baby daughter since she was able to suckle directly from her breasts on a daily basis, while he yearned to taste the milk right from its source.

Plaintiff Torres claims that she requested an adequate place to pump her breast milk, but that no such place was provided. In her efforts to secure such a place, she obtained an injunction from the Caguas Superior Court.[1] She testified in court in her efforts to obtain the injunction, and she claims that Defendants retaliated against her due to her proffer of testimony. Plaintiff Torres also claims that Defendants discriminated against her religion by sending work-related documents to her while she attended church services, and that their gender-based discrimination continues, with male guards being instructed not to speak to her because of her filing of sexual harassment complaints.

Plaintiff claims that nothing was done to resolve Torres' complaint of sexual harassment when she complained of it, and that she was retaliated against for making said complaint. Plaintiff Torres claims that as of July 26, 2003, Mercado continued to sexually harass her, commenting that: "Hi, darling today you are wearing a fabulous skirt because you know that I love to see your legs."

## IV. CONCLUSIONS OF LAW

### A. Title VII Claims against co-Defendants Olmo, Figueroa, Mercado, and Nieves

In the various motions to dismiss filed by the co-Defendants Olmo, Figueroa, Mercado, and Nieves in this case, those individual Defendants argue that Plaintiff's Title VII claims against them should be dismissed because the jurisprudence of the First Circuit and the District of Puerto Rico has repeatedly held that individuals are not liable under Title VII. The Court agrees with the individual co-Defendants.

The First Circuit Court of Appeals and the Supreme Court have yet to decide the issue of individual liability under Title VII. *See Vizcarrondo v. Board of Trustees of the University of Puerto*, 139 F.Supp.2d 198, 205 (D.Puerto Rico 2001) (Domínguez, J.), *citing Serapión v. Martínez*, 119 F.3d 982, 992 (1st Cir.1997) (stating that the First Circuit has not resolved issue and declined to address it); *see also Scarfo v. Cabletron Systems, Inc.*, 54 F.3d 931, 951–952 (1st Cir.1995). The issue has created a split among other circuits, with the majority of circuits concluding that individual liability does not exist under Title VII.[2] As

---

1. *Torres Ramos v. Metro Guard Services, Inc.*, E PE 2003–0724.

2. The Second, Seventh, Ninth, Tenth, Eleventh, and District of Columbia Circuits have determined that supervisors could not be held personally liable under Title VII. See *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313–17 (2d Cir. 1995); *Williams v. Banning*, 72 F.3d 552, 553–55 (7th Cir.1995); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993); *Haynes v. Williams*, 88 F.3d 898, 900–

01 (10th Cir.1996); *Cross v. Alabama*, 49 F.3d 1490, 1504 (11th Cir.1995); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C.Cir.1995). The Fourth Circuit, however, has permitted individual supervisors to be held liable in their personal capacities when a supervisor "exercises significant control over the plaintiff's hiring, firing, or conditions of employment." *Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir. 1989), *rev'd in part, aff'd in relevant part*, 900 F.2d 27 (4th Cir.1990) (en banc).

this Court has previously noted, this district has followed the majority of circuits, adopting the interpretive approach described above and holding that no personal liability can attach to agents and supervisors under Title VII. *See Cotto v. Citibank, N.A.,* 247 F.Supp.2d 44 (D.Puerto Rico 2003) (Pieras, J.); *see also Maldonado-Cordero v. AT & T,* 73 F.Supp.2d 177, 183–84 (D.Puerto Rico 1999) (Pieras, J.); *Vizcarrondo,* 139 F.Supp.2d at 205.

Therefore, as individual liability can not attach under Title VII, the Court hereby **GRANTS** co-Defendants Olmo, Figueroa, Nieves, and Mercado's motions (docket Nos. 16, 18, and 26) on these grounds, and hereby **DISMISSES WITH PREJUDICE** Plaintiffs' Title VII claims against them.

### B. Supplemental Claims against co-Defendants Olmo, Figueroa, Mercado, and Nieves

■ The individual Defendants also argue that because Plaintiffs have no valid Title VII claim against them, all supplemental claims brought against them in their individual capacity under Puerto Rico law must therefore also be dismissed. The Court disagrees with this characterization of the law.

This Court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over a claim under the laws of Puerto Rico. *See, e.g., Rodríquez v. Doral Mortg. Corp.,* 57 F.3d 1168, 1176 (1st Cir.1995) (a sexual harassment claim brought "pursuant to state law falls within the district court's supplemental jurisdiction when, as now, the court's original jurisdiction derives from the assertion of a Title VII claim arising out of the same facts"); *see also Arroyo Rodríquez v. Econo Supermarket Inc.,* 204 F.Supp.2d 289 (D.Puerto Rico 2002) (Pérez–Giménez, J.). As this Court has noted, the Supreme Court of Puerto Rico has found that under Puerto

Rico Law Nos. 17, 69 and 100, an agent, official, administrator or supervisor of a business can be found personally liable for violations of the aforementioned laws. *Rosario Toledo v. Distribuidora Kikuet, Inc.,* 151 D.P.R. 634, 2000 WL 943550 (P.R. 2000), *reconsideration denied* 2001 JTS 2, 2001 WL 7578, 2000 T.S.P.R. 193 (P.R. 2000). *Mejías Miranda v. BBII Acquisition Corp.,* 120 F.Supp.2d 157 (D.Puerto Rico 2000) (Domínguez, J.).

Therefore, since both the federal and state courts of Puerto Rico have held that an agent, official, administrator or supervisor of a business can be found personally liable for violations of the laws invoked under supplemental jurisdiction in this lawsuit, and because the alleged violations of those laws stem from the same nucleus of operative facts as the facts alleged in the Title VII claim that is still before this Court, the Court hereby DENIES co-Defendants Olmo, Figueroa, Nieves, and Mercado's motions to dismiss the Puerto Rico law claims against them.

### C. Co–Plaintiff Rivera's claims

■ In its motion to dismiss, co-Defendant Metro Guard Services, Inc. ("MGS") argues that the claims of co-Plaintiff Julián Rivera, the husband of Plaintiff Torres, ought to be dismissed because Rivera has no cause of action under Title VII against MGS because he is not employed by said company. The Court disagrees with co-Defendant MGS.

As is explained in Plaintiffs' opposition to co-Defendant MGS's motion to dismiss and can be clearly ascertained by examining the complaint in this matter, the claims of co-Plaintiff Rivera are brought under Article 1802 of the Puerto Rico Civil Code. Co–Plaintiff Rivera's claims are for compensatory damages for the alleged emotional damages that Rivera has suffered as

a result of Defendants' conduct towards Plaintiff Torres, his wife.

As the First Circuit has recognized, Puerto Rico law allows one spouse to recover in some cases for the emotional distress suffered through the injury of the other spouse. *Hull v. Municipality of San Juan,* 356 F.3d 98 (1st Cir.2004), *citing Santini Rivera v. Serv. Air, Inc.,* 137 P.R. Dec. 1, 10 (1994); *see also Marrero v. Hospital Hermanos Meléndez, Inc.,* 253 F.Supp.2d 179 (D.Puerto Rico 2003), *citing Santini Rivera, supra* at 10 ("In numerous occasions, we have recognized that a person has a legal right to be compensated for his/her personal suffering, mental anguish, that he/she may have experimented as a result of the damages caused to his/her relatives. We also recognized the right that an individual has to be compensated whenever his/her spouse or relatives suffer harm."), and *Hernández v. Fournier,* 80 P.R. Dec. 93, 1957 WL 13027 (P.R.1957).

Because co-Plaintiff Rivera's tort claim is derived from the harm allegedly suffered by his spouse, Plaintiff Torres, whose claims are all still before the Court, the Court hereby **DENIES** co-Defendant MGS's "Motion to Dismiss as to co-Plaintiff Julián Rivera's Claims" (docket No. 15).

## V. CONCLUSION

For the above-stated reasons, the Court hereby **GRANTS IN PART AND DENIES IN PART** the motions of co-Defendants Olmo, Figueroa, Mercado, and Nieves (docket Nos. 16, 18, and 26) and **DISMISSES WITH PREJUDICE** Plaintiff Torres' Title VII claims against co-Defendants Olmo, Figueroa, Mercado, and Nieves. The Court also **DENIES** co-Defendant Metro Guard Services, Inc.'s "Motion to Dismiss as to co-Plaintiff Julián Rivera's Claims" (docket No. 15). All claims against co-Defendant MGS remain active before the Court, as do the supplemental claims brought against co-Defendants Olmo, Figueroa, Mercado, and Nieves.

**IT IS SO ORDERED.**